60 N.J. Super. 226 (1960)
158 A.2d 538
PATSY LANCELLOTTI, ET ALS., PLAINTIFFS,
v.
FRANK R. UMBACH AND NED J. PARSEKIAN, THE ACTING DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued February 11, 1960.
Decided February 11, 1960.
*227 Mr. Joseph P. Buttafuoco argued the cause for the defendant Ned J. Parsekian, the Acting Director of Motor Vehicles.
Mr. Jacob Max argued the cause for the plaintiffs (Messrs. Max & Koenig, attorneys).
SMITH, J.S.C.
The defendant Ned J. Parsekian moves for summary judgment.
Suit was instituted by the plaintiffs against the defendant Frank R. Umbach, alleging that that defendant was the owner and operator of a certain automobile which was involved in an accident with a vehicle operated by the plaintiff Patsy Lancellotti. Plaintiffs allege that they were passengers in the Lancellotti automobile and sustained certain injuries as a result of the collision.
Plaintiffs attempted to cause service of a summons and complaint to be effected on the defendant Frank R. Umbach. However, since his whereabouts are unknown he has not been served.
Plaintiffs have now amended their complaint to join as a defendant Ned J. Parsekian, the Acting Director of Motor Vehicles of the State of New Jersey, pursuant to N.J.S.A. 39:6-80, which provides the Director can be impleaded only when the provisions of N.J.S.A. 39:6-78 or N.J.S.A. 39:6-79 apply. Plaintiffs contend the Acting Director has been impleaded under the first part of N.J.S.A. 39:6-78, which provides in part:

"`Hit-and-run' cases.
When the death of, or personal injury to any person arises out of the ownership, maintenance or use of a motor vehicle in this *228 state on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained * * *." (Emphasis added)
The defendant Acting Director Parsekian contends that the statute above mentioned is explicit that all three items must be unknown before the Director can be impleaded. That is, the identity of the motor vehicle and the identity of the owner and the identity of the driver must be unknown before this section will apply. Further, defendant Parsekian contends the affidavit of plaintiffs indicates that Helen Sgainbat, one of the plaintiffs, took down the license or registration number of the vehicle that caused the accident and through this number it was ascertained that defendant Frank R. Umbach was the owner of the vehicle. From this the said defendant contends the plaintiffs are aware of at least two items of those set forth in the statute, if not all three of them.
Plaintiffs rely on statements found in Corrigan v. Gassert, 27 N.J. 227 (1958), to support their contention that it is necessary for only one of these above-mentioned items to be unknown for the statute to apply. The language relied upon is found at page 234 of 27 N.J.:
"* * * is the victim * * * accident and is unable to obtain a judgment because the identity of the motor vehicle or that of the owner or operator is unknown, the provisions of N.J.S.A. 39:6-78 to 85 specify the appropriate procedure."
This language is taken from a passage which comments on the two distinct procedures to be pursued by a claimant who seeks to recover from the Unsatisfied Claim and Judgment Fund. Where the identity of the operator or owner of the vehicle is known the provisions of N.J.S.A. 39:6-65 to 77 govern. Then follows the language taken out of context by the plaintiffs:
"But where the claimant is the victim of a `hit and run' accident and is unable to obtain a judgment because the identity of the motor *229 vehicle or that of the owner or operator is unknown, the provisions of N.J.S.A. 39:6-78 to 85 specify the appropriate procedure."
On its face, it seems to this court, it is apparent the language quoted by the plaintiffs is not directed at the interpretation of provision number one of N.J.S.A. 39:6-78. It is directed at N.J.S.A. 39:6-78 through 85. There are statutes in this group which authorize the impleading of the Director where the identity of the automobile and the owner are known and the operator is unknown, namely, provision number two of N.J.S.A. 39:6-78 and 39:6-79(b). There are also statutes in this group which by their terms do not authorize impleading the Director where the identity of the motor vehicle and the owner are known and the operator is unknown, namely, provision number one of N.J.S.A. 39:6-78 and 39:6-79(a).
To interpret the statute as the plaintiffs contend would invoke payments under the hit-and-run provisions even in those situations where the owner and operator of the vehicle were known but the identity of the vehicle unknown; or where the operator was known but the owner and the identity of the vehicle unknown.
The plain meaning of provision number one of N.J.S.A. 39:6-78, as I understand it, should be given effect. The Director may not be impleaded unless "the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained." (Emphasis added) Provision number one of N.J.S.A. 39:6-78 is not applicable since the plaintiffs know the identity of the motor vehicle and the owner.
Therefore, the motion of the defendant Ned J. Parsekian for summary judgment is granted.