65 N.J. Super. 217 (1961)
167 A.2d 407
CHARLES TINSMAN, PLAINTIFF-APPELLANT,
v.
NED PARSEKIAN, ACTING DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND SAFETY OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1961.
Decided January 23, 1961.
*218 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Jack Pincus argued the cause for the appellant (Messrs. Pincus, Shamy & Sheehan, attorneys; Mr. George J. Shamy, of counsel).
Mr. John C. Stockel argued the cause for respondent.
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff's personal injury, automobile negligence suit against the Acting Director of the Division of Motor Vehicles, under the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., was dismissed on defendant's motion before trial. The Law Division ruled that, under the stipulated facts, the conditions precedent to a suit against the Director under N.J.S.A. 39:6-78 had not been satisfied "because the identity of the *219 motor vehicle [which allegedly caused plaintiff's injuries] is known." Plaintiff appeals.
The stipulated facts are as follows:
"On April 23, 1958, at the intersection of Route No. 1 and Louisa Street in Elizabeth, New Jersey, a 1951 Pontiac automobile bearing Reg. NJ EN 8476 registered in the name of Benjamin Myerson of 132 South 8th Street, Newark, New Jersey, was in collision with the automobile of the plaintiff herein. That after the accident this automobile did leave the scene without the exchange of credentials and without disclosing the identity of the operator.
Subsequently a complaint of violation of R.S. 39:4-97 was made by the plaintiff against the defendant Myerson, but the defendant's whereabouts became unknown. Later, the automobile of the defendant Myerson was recovered as abandoned and was towed to the Highway Garage in Elizabeth, New Jersey, by the Elizabeth Police.
The whereabouts of the owner of NJ Reg. EN 8476, one Benjamin Myerson are still unknown."
N.J.S.A. 39:6-78, the pertinent statutory section, provides:
"When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor against the director in any court of competent jurisdiction * * *." (Emphasis added)
The trial court decided that the italicized words above should read "conjunctively" and, if so read, the plaintiff could not come within this section because the identity of the motor vehicle is known. It might have also added that the identity of the owner, as distinguished from his "whereabouts," was also known. Lancellotti v. Umbach, 60 N.J. Super. 226 (Law Div. 1960), was cited by the trial judge as dispositive of the issue.
*220 We agree with the judgment of the trial court. The Lancellotti case presented an analogous situation. There, as here, the plaintiffs knew the identity of the automobile which caused their injuries and the identity of the owner thereof. After they failed to effect service of summons on the defendant owner of the automobile, whose whereabouts after the accident were unknown, as here, they amended their complaint to join the Acting Director of Motor Vehicles under provisions of the act which created the Unsatisfied Claim and Judgment Fund. The Director's motion for summary judgment was granted, the court holding that the "hit-and-run" provisions of the act were not applicable unless the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained. We concur in the reasoning of the Lancellotti case and the conclusion that all three identities, (1) motor vehicle; (2) operator; and (3) owner must be unascertainable, before there is a right to sue the Director under the first alternative provision of N.J.S.A. 39:6-78.
The other alternative of N.J.S.A. 39:6-78 is not applicable here, because the stipulated facts do not establish "that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained."
Plaintiff argues that our courts have stressed that the provisions of the act should be liberally construed to advance the remedy and carry out its beneficial purposes. Giacobbe v. Gassert, 29 N.J. 421 (1959); Corrigan v. Gassert, 27 N.J. 227 (1958); Dixon v. Gassert, 26 N.J. 1 (1958); Gray v. Tice, 52 N.J. Super. 309 (Law Div. 1958); and Schlenger v. Conti, 47 N.J. Super. 566 (App. Div. 1957). We recognize that liberality, as well as the caution expressed in the cases that due regard must always be given to protection of the fund against fraud and abuse. At the same time, the plain meaning of a statute, which confers a right and a remedy where none existed before, must be given effect. *221 We are not privileged to rewrite the statute or to substitute a word or words, which the Legislature in its wisdom has not seen fit to include.
Plaintiff argues that the conjunctive word "and" in the statute should be read as though the disjunctive word "or" was used in the place of the conjunctive "and" in the expression, "but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained." He contends for this construction because the clause is worded negatively and maintains that such an interpretation would represent the legislative intent. We are mindful that the substitution of "or" for "and," and vice versa, is sometimes properly done to effect a more accurate expression of the writer's intention. See article by Professor Reed Dickerson in 46 American Bar Association Journal 210 (1960). But we see no sound reason for changing "and" to "or" in N.J.S.A. 39:6-78. It is our judgment that the Legislature meant what it said. There is sound reason for the view that unless all three identities are unknown, there is no right to sue the Director under the first alternative of N.J.S.A. 39:6-78.
If such a construction were not the intended one, and if the Legislature wanted to give a right to sue the Director, upon an inability to ascertain any one of the three identities, it could have achieved that purpose simply by using the word "or," instead of "and." And this would have been the natural way to express such intent. Also, the literal purport of the statute is that which best harmonizes with the language of the provision for the second alternative in N.J.S.A. 39:6-78, under which, notwithstanding the identity of the motor vehicle and the identity of the owner are known, the Director may nevertheless not be sued unless it is shown that the operator's identity is unknown and that he had the car without the owner's consent. Also militating against plaintiff's construction is a consideration of the situation presented where the identity of the owner and the identity of the operator are known, but not that of *222 the vehicle. Could it be said persuasively that it was intended that the injured person might sue the Director in that situation? We think clearly not.
We detect sound public policy in the legislative requirement, as read literally. If identity of any of the three factors  motor vehicle, operator, or owner  can be ascertained, the injured person is not remediless, as in the usual "hit-and-run" situation, which is what the statute sought to cover. If the operator is known, he can be sued. If the owner is known, he can be sued. If the owner maintains that he was not the operator and that the operator whose identity cannot be ascertained had the car without his consent, plaintiff may either offer such proof in a suit against the Director, N.J.S.A. 39:6-78, or, if suit has already been instituted against the owner, the Director can be impleaded. N.J.S.A. 39:6-80. If the identity of the motor vehicle can be ascertained, it will lead, as here, to the identity of the registered owner, who is presumptively the real owner. Also, proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Tischler v. Steinholtz, 99 N.J.L. 149, 152 (E. & A. 1923).
Unfortunately, plaintiff's difficulty stems from a lack of knowledge of the owner's present whereabouts, rather than his identity, as shown by the stipulated facts. He is confronted with practical difficulty in effecting service of the summons and complaint. We are not satisfied that the known owner, Benjamin Myerson, cannot be located by the exercise of more diligence than has thus far been exerted. No affidavits so demonstrating were submitted on behalf of plaintiff, though the trial court afforded that opportunity following oral argument and waited in vain for such proofs for a considerable time thereafter.
The present statute makes no provision for a situation where the "identity" of the motor vehicle and of the operator *223 and owner are known, but the operator's or owner's "whereabouts" cannot be ascertained following the accident. We may not judicially supply that deficiency in the statute, if such it is. We can only recommend either an attachment proceeding against the offending 1951 Pontiac, whose location is known, if that is of practical value; or renewed efforts to find Myerson for service of a summons and complaint. If he is now a non-resident, service can be made upon him as provided in N.J.S.A. 39:7-2 and 39:7-2.1. Finding a defendant for personal service is not an unusual or insoluble problem in the everyday life of a practicing attorney.
The judgment is affirmed.