GREEN ET AL. *v.* UNSATISFIED CLAIM AND
JUDGMENT FUND BOARD

[No. 381, September Term, 1971.]

*Decided June 7, 1972.*

---

1. Horace, *Satires*, bk. I (35 B.C.), satire x, 34.

714

The cause was argued before HAMMOND, C. J.,* and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and RICHARD P. GILBERT, Associate Judge of the Court of Special Appeals, specially assigned.

*Herbert J. Hirsch* for appellants.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, E. B. Harris, Jr.,* and *Hardwick & Tripoda* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

This appeal arises from the denial by Judge David Ross, in the Superior Court of Baltimore City, of the

---

* *Reporter's Note:* Hammond, C. J., participated in the hearing of the case and in the conference in regard to its decision, but did not take part in the adoption of the opinion since he had retired from the Court prior to the filing of the opinion.

appellants' "Petition to Sue" the Unsatisfied Claim and Judgment Fund Board.

Testimony before Judge Ross established that on April 19, 1970, Solomon Green, Dorothy Hunt, John Hazelton and Shirley Shuford were riding in Green's automobile, the automobile being driven by Dorothy Hunt on Mountain Road near its intersection with Outing Avenue, in Anne Arundel County, Maryland, when the vehicle was struck in the side. According to the appellants, a motor vehicle darted out of a parking lot and collided with Green's car, and then fled the scene. One of the appellants copied the license number of the fleeing vehicle, which was later traced to Carl T. Smith.

On December 15, 1970, a hearing was held before Judge Ross on the appellants' "Petition to Sue." The testimony indicated that the motor vehicle license tag number that had been transcribed by one of the appellants was HA 8362, registered to Carl T. Smith, and that Smith's whereabouts were unknown to the appellants. Testimony further revealed that a young couple was in the fleeing vehicle. There was evidence from Mrs. Hunt that the car that struck them was "a little blue, it was a Comet or a Ford. I don't know exactly because I don't know too much about cars, but I know it was blue * * *. It was something similar to a royal blue."

Judge Ross was not satisfied that all reasonable efforts had been made to ascertain the identity of the owner and the operator of the vehicle that fled the scene, Code (1970 Repl. Vol.), Art. 66½, § 7-621, and continued the matter in order to allow the appellants to check the March, 1971 motor vehicle license plate and registration renewals in order to determine whether or not Carl T. Smith could be located and also to check with the landlord at Smith's last known address.

A second hearing was held before Judge Ross on February 22, 1971, and the appellants informed the court that the 1971 registration information would be unavailable until August or September, 1971. Appellants further

stated that they had been unsuccessful in endeavoring to locate Smith in the interim. No effort was made to contact the landlord. Judge Ross denied the "Petition to Sue" and an appeal was noted to this Court.

Some time shortly before oral argument was originally to be heard in this Court, the Motor Vehicle Administration division of the Attorney General's office located Carl T. Smith and informed the appellants of Smith's whereabouts. This Court then remanded the matter to the trial court, without affirmance or reversal, for the purpose of taking additional testimony. In the meantime, the appellants filed suit against Smith in the Circuit Court for Anne Arundel County.

A third hearing was held before Judge Ross on December 2, 1971, and the trial court was informed of the pending case in Anne Arundel County. Smith was summoned to the hearing. None of the appellants could identify Smith as the operator of the vehicle that struck them. Smith testified that at the time of the accident complained of he owned a 1964 two-door Mercury, bearing license tag number HA 8362. An affidavit filed in the proceeding on behalf of Smith and his wife denied involvement in the accident and further stated that while he did own a black Mercury, previously described, the vehicle was inoperative and in the process of being repaired at the time of the accident. Smith further alleged that he had not permitted anyone to borrow his car or his license plates on or about April 19, 1970.

Judge Ross stated:

"There was no clear evidence before the Court that the vehicle was being operated by someone other than the owner without the owner's consent at the time of the accident. At best there is a weak inference that such was the fact if the testimony of Smith were believed. The evidence is insufficient to support a finding that the petitioners have made '[a]ll reasonable efforts * * * to ascertain the identity of the * * *

operator * * * and that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established.'"

In its brief, the appellee suggested that the appellants either implead the Unsatisfied Claim and Judgment Fund Board in appellants' claim against Smith in the Circuit Court for Anne Arundel County, under the provisions of Art. 66½, § 7-623, or, in the alternative, submit the cause to the trier of the facts in the suit pending in the Circuit Court for Anne Arundel County, and if an adverse verdict is returned, then sue the Board in accordance with Art. 66½, § 7-622. In oral argument, the appellee stipulated it would not oppose the appellants' cause in the Anne Arundel County suit by a defensive plea of *res judicata.*

It is patent that the legislative intent at the time of the creation of the Unsatisfied Claim and Judgment Fund Board was to protect innocent motorists from uninsured drivers, *Maddy v. Jones,* 230 Md. 172, 186 A. 2d 482 (1962); *Mt. Beacon Ins. Co. v. Williams,* 296 F. Supp. 1094 (D. Md. 1969), as well as those injured in "hit and run" accidents where the identity of the motor vehicle *and* of the owner *and* operator thereof cannot be established, or the identity of the operator who was operating the motor vehicle without the owner's consent cannot be ascertained. Art. 66½, § 7-620. In the instant case, the identity of the owner has been established and in the words of Judge Ross there was "no clear evidence before the Court that the vehicle was being operated by someone other than the owner * * *." Here, appellants seek to have it two ways: (1) they are asserting an action against the owner in the Circuit Court for Anne Arundel County, while, (2) simultaneously, seeking permission to sue the Unsatisfied Claim and Judgment Fund Board in the Superior Court of Baltimore City on the basis that the identity of the owner and operator, or the operator who was operating the motor vehicle without the owner's consent, cannot be determined.

Assuming compliance with Art. 66½, § 7-620, we perceive no reason why the appellants cannot proceed to implead the Board in their case against Smith in the Circuit Court for Anne Arundel County, pursuant to Art. 66½, § 7-623, which provides in pertinent part:

"* * * the plaintiff shall be entitled to make the Board a party thereto if the provisions of § 7-620 or § 7-622 shall apply in the case, and the plaintiff has made the application and the court has entered the order provided for in § 7-620."

See *Rosenberg v. Manager, Unsatisfied Claim and Judgment Fund Board,* 260 Md. 164, 271 A. 2d 692 (1970).

Appellants argue, in effect, that the procedure is duplicitous and cumbersome and that they should be allowed to maintain their petition to sue, and join Smith as a party defendant, thus necessitating but one trial. While the procedure prescribed by the statute may not be the most expedient method, it is, nevertheless, the method mandated by the General Assembly of Maryland, and if it is to be changed it is for the legislature to do so, and not the courts.

We are not unmindful of appellants' reliance upon the out-of-state cases of *Tinsman v. Parsekian,* 65 N. J. Super. 617, 167 A. 2d 407 (1961), and *Nash v. Iamurri,* 76 N. J. Super. 167, 183 A. 2d 887 (1962), but find both to be factually inapposite.

In *Tinsman,* a motor vehicle registered in the name of Benjamin Myerson was involved in a collision with Tinsman. Myerson's vehicle left the scene of the accident, but the identity of the operator remained undisclosed. Later, Myerson's vehicle was recovered "as abandoned." The whereabouts of Myerson were unknown. The applicable New Jersey Statute, N.J.S.A. 39: 6-78, provided:

"When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor ve-

hicle *and* of the operator *and* owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor against the director in any court of competent jurisdiction * * *." (Emphasis supplied).

Compare Maryland Code Art. 66½, § 7-620. The use of the conjunctive "and" was held to necessitate that all three requirements be met before an action could be maintained against the director. The court did, however, state:

"* * * If the owner maintains that he was not the operator and that the operator whose identity cannot be ascertained had the car without his consent, plaintiff may either offer such proof in a suit against the Director, * * * or, if suit has already been instituted against the owner, the Director can be impleaded." 167 A. 2d at 410.

See also *Lancellotti v. Umbach*, 60 N. J. Super. 226, 158 A. 2d 538 (1960). In the instant case, appellants have made no showing that the motor vehicle was operated by any person other than the owner without the consent of the owner. Smith's affidavit, as aforementioned, alleges that he was not involved in the accident, had not driven the automobile during April, and had not permitted anyone to borrow his automobile or license plates. Such an allegation falls short of evidential value to the effect that the motor vehicle was "in the possession of some person other than the owner without the owner's consent." Art. 66½, § 7-620. There was, as Judge Ross observed, no clear evidence before the court that Smith's vehicle was being operated by someone other than Smith himself.

In *Nash, supra,* the facts were that on October 11, 1959, Nash and his wife attended a party given by his employer. Iamurri, a co-employee, was at the same party. After the party, Nash, after first seeing to it that his wife was seated in the car, walked into the street to the left front door which he was about to unlock when he was struck by a vehicle which diagonally crossed the street and pinned him against the side of his own car. The automobile that struck Nash was a light green 1955 "Chrysler-make" car with a white or cream colored top, the driver of which was "mumbling in a foreign tongue." Iamurri owned a 1955 green Dodge with a cream top. He was of Italian descent and did "not speak English well." Nash, although acquainted with Iamurri as a co-employee, failed to identify him as the driver of the car. A slight dent on the left front fender was discovered on Iamurri's vehicle, as well as light tan paint which was similar in appearance to the paint on Nash's car. A witness who saw the accident occur was unable to positively identify Iamurri as the operator of the vehicle that struck Nash. Iamurri was charged with failing to give notice of and report the accident, but was acquitted in Magistrate's Court because the Magistrate was not "satisfied beyond a reasonable doubt that Iamurri was the driver of the car involved in the accident." Nash then filed a notice of intention to make claim against the New Jersey Unsatisfied Claim and Judgment Fund Board. The court held that:

> "There is no requirement that the plaintiff institute an action against any person against whom it does not appear reasonably likely that liability may be established. The determination of the reasonable likelihood of success must necessarily be made in the first instance by the plaintiff, usually on the advice of his attorney." 183 A. 2d at 892.

However, the New Jersey Superior Court made a finding of fact that Iamurri was not involved in the accident.

Such is not the case here. Judge Ross denied the appellants' petition "without prejudice" to the petitioner to proceed under §§ 7-622 and 7-623 of Art. 66½. We shall affirm his order.

*Order affirmed.*
*Costs to be paid by appellants.*