ETHEL M. DORRANCE ET AL., PROSECUTORS-APPELLANTS, v. J. H. THAYER-MARTIN, STATE TAX COMMISSIONER, DEFENDANT-RESPONDENT.

Argued February 4, 1936—Decided April 30, 1936.

For the appellants, *John Milton* and *William A. Schnader* (of the Pennsylvania bar).

For the respondent, *David T. Wilentz, Duane E. Minard* and *George S. Hobart.*

PER CURIAM.

The judgment appealed from will be affirmed, for the reasons expressed in the opinion *per curiam* filed in the Supreme Court.

CASE, J. (Dissenting in part.) The appellants present as their twelfth point that the court below erred in disallowing as a deduction transfer inheritance taxes paid the Commonwealth of Pennsylvania in approximately the sum of $14,394,698.88. Our statute (*Pamph. L.* 1929, *ch.* 144) provides that in determining the clear market value of the property transferred, for the purpose of computing the tax on the transfer, certain deductions shall be allowed. Included in the specified · deductions are: "Transfer taxes paid or payable to other states * * * on any property the transfer of which is taxable hereunder." The opinion of the vice-ordinary was that in enacting that legislation the legislature "necessarily meant transfer taxes for which there was a legal liability on the part of the estate, under the laws of this state

or binding this state." I find nothing in the statute to sustain that construction. The tax paid to the State of Pennsylvania was a transfer tax. Appellants vigorously fought the assessment. They carried the litigation to the highest Pennsylvania court and endeavored, unsuccessfully, to have the adverse decision reviewed by the United States Supreme Court. The tax was imposed, was sustained, had to be paid and was paid. The estate was depleted in the amount of it. The situation comes fully, as I see it, within the terms of the statute.

It is said that Mr. Dorrance could not have been domiciled in two states at the same time and that since we have found that he was domiciled at the time of his death within the State of New Jersey it follows that he could not then have been domiciled within the State of Pennsylvania, and that therefore the courts of the State of Pennsylvania erred in holding the estate to a transfer tax in that jurisdiction. If we are right in our finding as to domicile, the Pennsylvania courts were, of course, wrong in their determination and the Pennsylvania tax was erroneously assessed; but wherever the right or wrong may lie, it is certain that the appellants, under compulsion, paid a transfer tax and that our legislature has ordained that where an estate of a person domiciled in New Jersey pays a transfer tax to another state the amount thereof shall be deducted from the gross in arriving at the net upon which our tax shall be calculated, and it is also certain that we are powerless to void the Pennsylvania assessment or to grant the estate a recovery thereon.

I am of the opinion that, with the case in its present *status,* we should recognize the payment as a deductible disbursement within the purview of our statute. In other respects I favor an affirmance.

I am authorized to say that Judge Hetfield shares the foregoing view.

*For affirmance*—THE CHIEF JUSTICE, LLOYD, BODINE, DONGES, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 8.

*For modification*—CASE, HETFIELD, JJ. 2.