15 N.J. Super. 296 (1951)
83 A.2d 337
JARVIS CROMWELL AND ELEONORA MORGAN KISSEL, EXECUTORS OF THE LAST WILL AND TESTAMENT OF MARY BELL KISSEL, DECEASED, APPELLANTS,
v.
AARON K. NEELD, DEPUTY DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 20, 1951.
Decided September 21, 1951.
*299 Before Judges BIGELOW, DAVIDSON and McLEAN.
Mr. Robert V. Carton argued the cause for the appellants (Mr. Thomas F. Daly, attorney for appellants).
Mr. William A. Moore, Deputy Attorney-General, argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, attorney for respondent).
*300 McLEAN, J.S.C.
This is an appeal from the action of the Division of Taxation, Department of the Treasury of New Jeresey, making an assessment of transfer inheritance tax on the estate of Mary Bell Kissel amounting to $2,647.32. Mrs. Kissel died in New York City. The taxes were assessed on the basis that she was a resident of New Jersey, domiciled at Morristown, Morris County. Appellants assert that Mrs. Kissel having changed her domicile from New Jersey to New York the tax was erroneously assessed and should be set aside and a new assessment made. It has been determined that the estate of one domiciled in the State of New Jersey is subject to the New Jersey transfer inheritance taxes, irrespective of actual residence at the time of death. In re Dorrance's Estate, 115 N.J. Eq. 268 (Prerog. 1934), affirmed Dorrance v. Martin, 13 N.J. Misc. R. 168 (Sup. Ct. 1935), affirmed 116 N.J.L. 362 (E. & A. 1936), 17 Am. Jur. 590, 601. Hence, the question for determination is Mrs. Kissel's domicile at the time of her death.
"`Domicile' is the relation which the law creates between an individual and a particular locality or country. In a strict legal sense, the domicile of a person is the place where he has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning, and from which he has no present intention of moving. * * * It is the place with which he has a settled connection for certain legal purposes, either because his home is there or because that place is assigned to him by the law. * * * And every person, in all circumstances and conditions, is deemed to have a domicile somewhere; and, in general, a domicile once established continues until superseded by a new domicile, and the old domicile is not lost until a new one is acquired. * * *
"A person may have several residences or places of abode but he can have only one domicile at a time. Domicile of choice is essentially a question of residence and intention  of factum and animus. It involves an exercise of volition. * * * And he may have his residence in one place, *301 while his domicile is in another. * * * There are certain legal rights and privileges which pertain to `residence' rather than to `domicile.' One's `home' may be relinquished and abandoned, while one's `domicile' upon which may depend certain civil rights and duties, may in legal contemplation remain." Kurilla v. Roth, 132 N.J.L. 213, 215 (Sup. Ct. 1944) and authorities there cited.
"To effect a change of domicile there must be a voluntary change of residence; the residence at the place chosen for the domicile must be actual; to the factum of residence there must be added animus manendi; and that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless, or until something uncertain or unexpected shall happen to induce him to adopt some other place as his permanent home." Harral v. Harral, 39 N.J. Eq. 279 (E. & A. 1884).
A change of residence for a special purpose, such as taxation benefits, or a period of seasonal residence in obedience to the demands of health, does not necessarily amount to a change of domicile. The burden of proof to establish that a change of domicile has occurred rests upon the party asserting it. In re Michelsohn's Will, 136 N.J. Eq. 387 (Prerog. 1944).
Domicile is factual, and each case must be evaluated and determined by its own facts and circumstances. From the record in the instant case, we find the following facts:
Mrs. Kissel was born in Philadelphia, Pennsylvania, on September 17, 1872. In 1910, she married Rudolph Kissel and took up her residence with him at his home, Inamere Farm, Morristown, New Jersey, where she continued to reside for 32 years until the death of her husband, March 31, 1942. The family consisted of Mr. and Mrs. Kissel and Mr. Kissel's children by his first marriage. They lived a portion of each year in New York City, where a residence was maintained for their use on such visits. When her husband died. Mrs. Kissel made no immediate change in her habit of life. Inamere *302 Farm had been occupied by Mr. Kissel as a life tenant under the will of his first wife, and after his death Mrs. Kissel continued to live there sharing the taxes and incidental expenses with her stepchildren. When her husband died, Mrs. Kissel was 70 years of age; she had been afflicted with arthritis for many years and her condition gradually grew worse until she became incapacitated. In the fall of 1942, she transferred the New York residence to her son-in-law and during her New York visits she occupied a rented apartment. She followed her usual practice in 1942 and 1943, spending some time at the Morristown residence, returning to New York in the fall. The summer of 1944, she spent at Lake Placid, New York, returning to her New York apartment where she continued to live until her death on January 20, 1950. Most of this time she was bedridden or lived in an invalid chair. She continued to file her federal income tax returns as a resident of New Jersey until her death and made no returns for tax purposes to New York. Her last will executed in March, 1949, recited that she was a resident of Morris Township, Morris County, New Jersey, and two previous wills executed in 1926 and 1932, respectively, contained the same recital.
In 1948, the house she had occupied at Morristown was rented for two years and about this time Mrs. Kissel disposed of her automobile and some furniture and other personal effects located at Inamere Farm. She continued her contacts with a Morristown Bank; her silverware was there for safe keeping during her absence and she maintained a balance of $2,431.17, although her account was said to be dormant.
It appears from the above that there is no question that Mrs. Kissel acquired her New Jersey domicile by her marriage in 1910. In re Simpson's Will, 136 N.J. Eq. 597 (Prerog. 1945). A domicile once established remains the domicile until another domicile is acquired, and a new domicile cannot be acquired without an abandonment of the old. In re Michelsohn's Will, supra.
*303 Appellants contend that Mrs. Kissel changed her domicile "sometime in 1947," and as proof of such change, they stress the facts that Mrs. Kissel lived continuously for a considerable time in New York City without returning to Morristown; that the house which she had occupied at Inamere Farm was leased; that she disposed of her automobile and some of the furniture used at Inamere Farm.
The evidence is that Mrs. Kissel's residence in New York City was temporary and for the special purpose of enjoying its social and cultural advantages and the conveniences demanded by her advanced age and illness. Her statement, "Much as I would like to go back to Morristown, I am not able to and can't walk," indicates the reason for her extended stay in New York. Such circumstances disprove abandonment of her domicile at Morristown. Harral v. Harral, supra; In re Michelsohn's Will, supra.
The lease of the house at Inamere Farm was dated the 7th day of January, 1949, and was made retroactive to May 1, 1948. As evidence of Mrs. Kissel's intentions "sometime in 1947" it is of no value. Moreover, maintenance of a place of abode is not essential to domicile. In re Fisher's Will, 13 N.J. Super. 48 (App. Div. 1951). Vacating or disposing of a place of abode may be some evidence of intention to abandon a domicile and to establish another, but in this case these facts militate against such an inference: the family retained ownership and occupied other buildings on the property, Mrs. Kissel's relations with her stepchildren were cordial, and, notwithstanding the leasing of the house she had occupied, accommodations would have been provided for her. It will also be noted that she exercised some supervision of the Morristown property; she was in touch with the superintendent, she paid his salary and in appreciation of his faithfulness made him a beneficiary in her will.
The sale of her automobile, "because she would have no further use for it" and the disposal of furniture and personal belongings are practices not unusual with persons of Mrs. Kissel's advanced age and physical condition. She gave linens *304 to her stepdaughter, china to Mrs. Cromwell and china and other odd pieces of furniture and rugs to other people, indicating a realization of the probable consequences of her ailments and a desire to make some distribution of her personal effects in her lifetime, rather than an intention to sever ties and associations with the place that had been her home for so many years.
It is also argued that she was a member of the Colony Club located near her New York residence and desired to be near her friends. To be evidence of her intention of changing her domicile to New York "sometime in 1947," it must be made to appear that this was a determination that came to her at that time. But it was something she had always enjoyed and the purpose for which she had lived in New York a portion of each year for the better part of her life; it had never been considered incompatible with her New Jersey residence, and as evidence of a change of domicile at her age and under the circumstances then existing it must be disregarded.
The appellants have failed to sustain the burden of proof to establish a change of domicile. In re Michelsohn's Will, supra. But there are other factors which should be considered. Mrs. Kissel recited in her will that she was a resident of Morris Township, Morris County, State of New Jersey, and filed her federal income tax return at Newark as a resident of New Jersey and she made no return to New York for tax purposes. Subject to contradiction, recitals in a will as to the testative domicile are evidential of the domicile. In re Benson's Will, 92 N.J. Eq. 618 (Prerog. 1921). In this case, the evidential value of the stated recitals finds support in the evidence. The lawyer who drew the will testified that he had drawn two previous wills for Mrs. Kissel, one in 1926 and one in 1932, in both of which she was described as a resident of Morris Township. When he was asked to prepare the will of March, 1949, he was presented with a draft of a new will with some changes in which that statement was contained. It appears throughout the evidence that the capacity of Mrs. Kissel to handle her affairs was unquestioned; *305 consequently it would seem that had there been any intention on her part to change her domicile such an important item would have been indicated in the proposed changes of her will that she handed to her lawyer.
As to the federal income tax returns, they were prepared by one who assisted Mrs. Kissel in her business affairs. He testified that the federal tax returns were filed in Newark, New Jersey, and then said, "Well, I considered that she had lived in Morristown, New Jersey, and she said that is the way she wanted it put in so I followed her instructions." He testified further that he had not prepared a New York State tax return because "there was no reason, she seemed to believe she was a resident of New Jersey." In the light of this evidence, we find no merit in the argument that Mrs. Kissel was not properly advised, or that she was making her declarations for the sole purpose of avoiding New York State income taxes.
We conclude that Mrs. Kissel was a domiciliary of New Jersey and the tax here in question was properly assessed.