68 N.J. Super. 54 (1961)
171 A.2d 663
CONSTANTINOS CONTINOS, PLAINTIFF-APPELLANT,
v.
NED J. PARSEKIAN, ACTING DIRECTOR OF MOTOR VEHICLES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1961.
Decided May 24, 1961.
*56 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Joseph E. Zavesky argued the cause for plaintiff-appellant (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys; Mr. Zavesky, on the brief).
Mrs. Annamay T. Sheppard argued the cause for defendant-respondent (Mr. William O. Barnes, Jr., attorney).
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff seeks the reversal of a judgment entered in the District Court in favor of defendant in an action in which, pursuant to the provisions of N.J.S.A. 39:6-61 et seq., plaintiff sought recovery of damages from the Unsatisfied Claim and Judgment Fund for personal injuries sustained on June 14, 1958, as a result of being struck by a motor vehicle while he was walking across a public highway in Newark. The case was tried before the court without a jury. The trial judge found as a fact that plaintiff was "a victim of a hit-and-run driver." Counsel join in presenting, as the sole question to be resolved on this appeal, the propriety of the trial court's holding that *57 plaintiff was not a resident of this State and therefore not a "qualified person" within the meaning of N.J.S.A. 39:6-62.
Plaintiff's proofs were that he is a citizen of Greece and had been in this country since the summer of 1956, under the authority of a student's visa (8 U.S.C.A. § 1101(a) (15)(F)). On his arrival in this country he stayed for a brief period with a friend in New Jersey and spent the remainder of the summer with his sister at Watertown, New York. From there he went to Oklahoma State University where he remained as a student for the school year 1956-1957. During part of the summer of 1957 he worked for the Corning Glass Company in Corning, New York. On the termination of that employment, and following a short visit with friends in New Jersey, he returned to the University for the school year of 1957-1958. From June 1, 1958 to June 14, 1958, when as above noted the accident occurred, plaintiff worked at a restaurant in New York City and had lodging in a rented room at 21 Osborne Terrace, Newark.
Following a period of confinement due to his injuries, plaintiff secured a job on or about July 15, 1958 at a summer resort hotel in Hensonville, New York, where he stayed for the remainder of the summer of 1958. He returned to the university for the school year 1958-1959, at the termination of which he worked at Elizabeth, N.J. and stayed with friends in this State for about a month. He spent the remainder of the summer of 1959 in "upstate" New York.
Contending that he had satisfied the residential requirement to constitute him a "qualified person" under the aforesaid statute (N.J.S.A. 39:6-62), plaintiff in his brief emphasizes that he had "obtained the room [at Osborne Terrace] on June 1, 1958 and lived at that address" from then to the date of the accident; that he had been in New Jersey "on several occasions prior to renting" the aforesaid room; that, although it "is conceded" that he "retained his domicile" in Greece, "he was able to establish a residence *58 elsewhere"; and that he "resided in New Jersey for the purpose of obtaining employment." As above stated, the trial court rejected his claim.
Plaintiff, leaning heavily on the decision of the court in Collins v. Yancey, 55 N.J. Super. 514 (Law Div. 1959), initially directs our attention to the following language from that opinion (at p. 519):
"* * * The statute is social legislation and is to be liberally construed in order to advance the remedy, with due regard for the proper protection of the Fund against fraud or imposition, so that all who are within the defined classification may receive relief as a matter of the social policy which is the underlying motivation for the passage of the statute. Giles v. Gassert, 23 N.J. 22 (1956)."
There is no doubt that the aforesaid statute is to be so construed and applied. We have recently noted that "the act should be liberally construed to advance the remedy and carry out its beneficial purposes," but that it is equally important that we recognize that "regard must always be given to protection of the Fund against * * * abuse." Tinsman v. Parsekian, 65 N.J. Super. 217, 220 (App. Div. 1961). Each of these factors must be honored in determining whether plaintiff was, at the time of the accident, a "resident" of this State within the meaning of the aforesaid act.
Preliminarily it should be observed that: (a) in resolving the issue here presented our courts have repeatedly, and in a variety of factual situations, recognized the difference between the meaning of the words "domicile" and "residence," Cromwell v. Neeld, 15 N.J. Super. 296, 300 (App. Div. 1951); In re Michelsohn's Will, 136 N.J. Eq. 387 (Prerog. 1944); Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944); (b) that a person "may have several residences or places of abode but he can have only one domicile at a time." Cromwell, supra, 15 N.J. Super., at p. 300; (c) that the word "resident" has varied meanings and significations dependent on the connection in which it occurs and the result designed to be accomplished by its use, and *59 that those factors also determine whether it should be given a broad or a restricted construction.
It is apparent also that the interpretation of the word as it appears in various statutes, having different objectives, cannot be controlling in determining its meaning in the statute with which we are here concerned.
Plaintiff's counsel, in relying on Collins v. Yancey, supra, 55 N.J. Super. 514, asserts that the cited case presents facts "similar" to those in the instant case and justifies a holding that plaintiff herein qualifies as a New Jersey resident under the cited statute (N.J.S.A. 39:6-62). We disagree. In Collins, supra, plaintiff had been injured in New Jersey in September 1955. He had resided for many years in Norfolk, Virginia, where he had worked as a cook for seven years. Leaving Norfolk, he went to Newcastle, Pennsylvania, where he worked for about six weeks, and then to Linden, N.J. in March, 1955, approximately five months prior to the date of his injury. He was living and was employed as a cook in that municipality at the time of the accident. He had moved all of his possessions to Linden at the commencement of his employment there. He occupied a rented room and had his meals at the diner where he was employed. After leaving the hospital in Elizabeth, where his confinement for several weeks was necessitated by the severe injuries he had suffered, he returned to his sister's home in Norfolk and resumed living there because, as the record revealed, he could there receive the requisite care during his convalescence.
In the cited case Judge Barger, noting the "wide range of interpretations of the meaning" of the word residence, held (at p. 518) that its "statutory meaning" must be determined by the "purpose and context of the statute involved" and its application depends in large measure upon "a finding of fact as to the intention of the individual concerned." He added that a "mental process can only be determined by the acts, statements and conduct of the individual involved, with due regard to the general circumstances *60 existing." He emphasized that Collins had worked and lived in New Jersey for several months next preceding the date of the accident and was here for an indefinite period; that his work was of the same general type in which he had been engaged in Virginia; that his acts and conduct demonstrated that his "frame of mind existing at the time of the accident" was the determinative factor and that it was clear that his New Jersey "residence had that permanency which qualifies him for the recourse contemplated by the statute." Collins v. Yancey, supra, at p. 522.
Examination of Continos' acts and conduct, prior and subsequent to the accident in question, to determine whether from the standpoint of residence he qualifies as a member of the class for whose benefit the Fund was established, reveals a situation in sharp contrast with that set forth in Collins, supra. In the case at bar plaintiff's presence in this State in the summers of 1956 and 1957 had been for visits only. The case is barren of any proof as to how long in 1958 plaintiff intended to remain in the State. After the accident on June 14, 1958 he followed the pattern he had pursued in prior years, living and working in New York State during the remainder of the summer and returning to college in the fall. Plaintiff stresses, as significant, his presence in New Jersey on other occasions prior to the date of his accident but, as above noted, those visits were solely for the purpose of visiting friends. His actions negate any intention to be a "resident" of this State.
Although undoubtedly there is a well recognized distinction between "domicile" and "residence," and the former has a fixed and permanent quality which does not obtain in the concept of "residence," implicit in the latter term, nevertheless, is a degree of permanence in contrast with the situation which obtains when a person is merely transiently staying at a given address and with the formed intention of shortly going elsewhere. "Mere presence in a place unaccompanied with any intention to remain there for any length of time" does not constitute a residence. 17A Am. Jur., *61 Domicil, § 9, p. 201. Plaintiff's proofs fall short of establishing that the situation in the case at bar is any more than that. We determine that plaintiff failed to prove that he was a "resident" of this State within the meaning of the aforesaid statute. He was simply a sojourner here. As such he is not entitled to the relief he seeks.
Allusion should be made to one other phase of this case, revealed by the record before us. It appears from the testimony of a policeman, called as a witness by plaintiff, that he had been summoned to the scene of the accident, arriving shortly after its occurrence; that he had there interviewed a witness to the accident, whose name and address he procured, who advised him that the automobile which struck plaintiff was "a two-tone Ford, Registration ES 634 N.J." There is nothing in the record to show that plaintiff, or anyone on his behalf, made any effort to prove or disprove that the car allegedly so identified was indeed the automobile which struck him or to ascertain who the owner and operator were. In order to recover it was plaintiff's burden, under the circumstances, to establish that the conditions outlined in N.J.S.A. 39:6-78 had been met. Tinsman v. Parsekian, supra, 65 N.J. Super. 217. This question was not raised on appeal and apparently was not raised at trial. If it were the only question in the case, we would probably remand for further proofs, findings and determination with reference thereto. However, in view of the aforesaid judgment of the District Court and our conclusion with reference to the issue of "residence," we find no need for so doing.
The judgment of the District Court is affirmed. No costs.