80 N.J. Super. 517 (1963)
194 A.2d 261
HILDA B. WILLIAMSON, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF HERMAN B. WILLIAMSON, DECEASED, PLAINTIFF,
v.
PENELOPE POTTER, CATHERINE C. BETZ, D/B/A CHARLIE'S BAR, AND KABE, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 8, 1963.
*519 Mr. Thomas J. Smith, Jr. for plaintiff (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. Jack F. Govan for defendant Penelope Potter (Mr. Frank P. Zimmer, attorney).
SIMMILL, J.C.C. (temporarily assigned).
Herman B. Williamson, hereinafter referred to as the decedent, was a member of the armed forces. He had been stationed in the State of Washington and in March 1961 was transferred to Fort Monmouth in this State. At that time his wife was awaiting the birth of her second child. She returned to her parents' home in South Carolina for this event. It was her intention to join her husband at Fort Monmouth after the birth of the child. She had lived with her husband in the State of Washington prior to his transfer to Fort Monmouth. Decedent's assignment to Fort Monmouth as a member of the regular army was for a three-year tour of duty.
The child was born on June 29, 1961, and thereafter decedent endeavored to find living quarters for his wife and two children in the vicinity of Fort Monmouth. He had borrowed money for the purpose of using it as a deposit on a house and intended to go to South Carolina over the Labor Day weekend to bring his family back to Monmouth County. On August 24, 1961, while a pedestrian, he sustained death in an automobile accident resulting from the negligent operation of a car by defendant Penelope Potter.
Penelope Potter was an uninsured motorist and the necessary requirements were taken prerequisite to recovery from the Unsatisfied Claim and Judgment Fund. Suit was brought by decedent's wife as administratrix ad prosequendum and as general administratrix. The case came on for trial on April 22, 1963, and the matter was assigned to a judge for trial. Prior to the selection of the jury, discussion was had in the judge's chambers. Telephone calls were made to the Unsatisfied Claim and Judgment Fund Board and a settlement of $8,000 was agreed to by both Mr. Bambrick of *520 the Unsatisfied Claim and Judgment Fund Board and by defendant herself. Judgment was entered and application was made to the Fund for payment of the $8,000, which it had agreed to pay. On the return day of the motion the Unsatisfied Claim and Judgment Fund for the first time resisted the application for payment on the ground that the decedent was not a resident of this State within the meaning of N.J.S.A. 39:6-62.
The Fund first bases its refusal to make payment upon Art. II, par. 5, of the New Jersey Constitution, which reads:
"No person in the military, naval or marine service of the United States shall be considered a resident of this State by being stationed in any garrison, barrack, or military or naval place or station of this State."
The title to Article II of the New Jersey Constitution is "Elections and Sufferage." Each of the seven paragraphs of Article II is concerned with the election processes and the right of sufferage. Residence within the meaning of Article II has been held to mean domicile. State v. Benny, 20 N.J. 238 (1955), and Perri v. Kisselbach, 34 N.J. 84 (1961). The section means that no person in the military service shall acquire a "domicile" for the purpose of voting by virtue of being stationed at a military installation. This court holds that Art. II, par. 5, of the New Jersey Constitution has no application to N.J.S.A. 39:6-62.
But defendant further contends that aside from the constitutional feature, decedent was not a "resident" of this State so as to qualify for the benefits under the Unsatisfied Judgment statute. Residence within the meaning of N.J.S.A. 39:6-62 does not mean domicile. Collins v. Yancey, 55 N.J. Super. 514 (Law Div. 1959); Sullivan v. Saylor, 79 N.J. Super. 1 (App. Div. 1963). The Sullivan case specifically holds that "one may be a resident of this State within the intent and policy of the act although his domicile is elsewhere."
*521 Only three cases in New Jersey have construed the term "residence" within N.J.S.A. 39:6-62. They are Collins v. Yancey, supra; Continos v. Parsekian, 68 N.J. Super. 54 (App. Div. 1961), and Sullivan v. Saylor, supra. In the Collins case the plaintiff lived in North Carolina and Virginia for many years. He moved to Pennsylvania to obtain employment, where he remained only six weeks and then obtained a job at a diner in Linden, New Jersey. He occupied a rented room, ate his meals at the diner, and had lived here for five months when the accident happened. He returned to Virginia immediately after the accident. The court held that he was a resident of New Jersey within the purview of the act and distinguished between the word "domicile" and the word "residence." It stated that "domicile" was the place where a person had his true, fixed, permanent home and principal establishment, and to which, whenever he was absent, he had the intention of returning; that persons may have one or more residences based on reasons of health, society, business or employment.
In the Continos case the plaintiff was a citizen and domiciliary of Greece. He came to this country on a student visa. He was a university student in Oklahoma and during the summer worked in New York State. He made short visits with friends in New Jersey and ultimately procured a position in New York City and rented a room in Newark. Fourteen days thereafter the accident occurred, following which he returned to Oklahoma. Obviously, Continos was not a resident within the intendment of the act. He had lived here only 14 days. He was not here for an indefinite period and his "acts and conduct demonstrated that his `frame of mind existing at the time of the accident'" was to take up residence elsewhere. He had no degree of permanence within this State. Judge Price stated that there is a well recognized distinction between "domicile" and "residence"; that when a person is merely transiently staying at a given address with the formed intention of shortly going elsewhere, it constitutes neither residence nor domicile. "`Mere presence in a place *522 unaccompanied with any intention to remain there for any length of time' does not constitute a residence." In the case at bar the decedent would have remained in New Jersey for three years. His wife and family would have lived with him here had it not been for his untimely demise, and he had no fixed intention to go outside of New Jersey such as was present in the Continos case. This is sufficient permanency to indicate a fixed intention to make his residence in this State, albeit his domicile may have been elsewhere.
Perhaps the key to the present problem may be found by analogy in Kurilla v. Roth, 132 N.J.L. 213 (Sup. Ct. 1944), where it was decided that where a soldier was inducted into the armed services, his home was an improper place for service of process where the statute prescribed service at his "usual place of abode." Conversely, it would seem that his place of abode would be the situs of his residence as a soldier. Therefore, decedent's residence was at Fort Monmouth. In this case decedent was a career soldier and voluntarily contracted with the United States Government to be sent whereever the Government decided. The Government decided that he be sent to Fort Monmouth for a three-year tour of duty. He intended to bring his wife and family here. He was not transiently staying here with the formed intention of shortly going elsewhere. He had lived in New Jersey for five months. There was a degree of permanence that clearly brings him within the purview of being a resident of this State, within the meaning of N.J.S.A. 39:6-62, at the time of the accident.
Counsel has not raised the question of estoppel. The Fund had participated in and had agreed to the settlement. It is assumed that on the basis of the immediate payment, plaintiff took less than the claim was worth on the theory that a bird in the hand is worth two in the bush. This court makes no determination as to this point because it was not argued.
An appropriate order may be presented.