The opinion of the court was delivered by
CONLEY, J.S.C. (temporarily assigned).
KSS Transportation Corp. (KSS), a New Jersey corporation, appeals the final judgment entered in the Tax Court, appearing at 9 N.J.Tax 273 (1987), affirming a use tax assessment under N.J.S.A. 54:32B-1 et seq imposed by the Director, Division of Taxation, upon KSS’ out-of-state purchase of an aircraft. The New Jersey Sales and Use Tax Act imposes a tax upon the receipts from every retail sale of tangible personal property unless exempt under the act. N.J.S.A. 54:32B-3. KSS claims an exemption under N.J.S.A. 54:32B-8.35. Alternatively, it claims that a use tax, applied to its out-of-state purchase when the aircraft was flown to other states before being brought into New Jersey, violates the Commerce Clause.
KSS is a wholly-owned subsidiary of Webcraft Technologies and, as such, is part of a group of entities owned by Beatrice Companies, Inc. Hangered in New Jersey, the aircraft was purchased primarily to transport property and passengers for the Webcraft/Beatrice entities. In fact, its predominant use has been to transport corporate executives for those entities. It has on occasion transported third parties. On those occasions, Webcraft billed the third parties for use of “the company plane”. When the aircraft was purchased, KSS applied to the Federal Aeronautics Administration for a “135 Air Taxi Commercial Operators Certificate”. At the time the matter was *92 decided by the Tax Court, that application was still pending.[1] During the period in question, KSS did not hold itself out to the public as an air carrier and did not advertise its flight services to the general public.
The Tax Court found the predominant use of the aircraft was for private, not common, carriage and, thus, the exemption under N.J.S.A. 54:32B-8.35 was not applicable. 9 N.J.Tax at 279. With respect to KSS’ constitutional challenge, the court rejected reliance on the “taxable moment” test. Id. at 282-283. In doing so, Judge Lasser adopted the “four-prong” test espoused in Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). He determined there was a sufficient nexus arising from the location of KSS and its hanger facilities in New Jersey and found the tax fairly related to local benefits provided KSS. He further concluded the tax applied uniformly to residents and nonresidents, interstate and intrastate alike. Moreover, he noted no other sales or use tax had been imposed upon the purchase by any other state. Thus, he found the “four-prong” Complete Auto test was satisifed. Id. at 283, 97 S.Ct. at 1081.
We affirm substantially for the reasons set forth in Judge Lasser’s published opinion to which we add the following.
Exemption under N.J.S.A. 54:32B-8.35 applies in part to receipts from sales of .aircraft when the aircraft is “utilized by an air carrier as defined by the Civil Aeronautics Board or the Code of Federal Regulations ...”. Critical to this determination is whether the aircraft is used as a “common carrier”. 49 U.S.C.App. § 1301(3), (10), (24). “Common carrier” is not defined by federal statute or regulation. Judge Lasser noted that an FAA advisory circular issued April 24, 1986 titled “Private Carriage v. Common Carriage of Persons or Property”, characterizes a “common carrier” as a carrier that “ ‘holds itself’ out to the public, or to a segment of the public, as willing to furnish *93 transportation within the limits of its facilities to any person who wants it____” This approach is consistent with the common-law concept of common carrier described in Las Vegas Hacienda, Inc. v. C.A.B., 298 F.2d 430, 434 (9th Cir.1962), cert. den. 369 U.S. 885, 82 S.Ct. 1158, 8 L.Ed.2d 286 (1962). Under this definition of common carrier, the test is whether the carrier is “competing commercially in the market for the patronage of the general public ...”. Id.
The Tax Court agreed with the Director’s position that providing transportation for one’s company-affiliated executives is not “competing commercially in the market” for general public patronage. We are not inclined to disagree with the Director’s expertise in this area. Metromedia, Inc., v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). We note, moreover, KSS has admitted it did not hold itself out to the public as an air carrier and did not advertise its flight services to the general public.
We agree, moreover, that minimal carriage of third parties cannot qualify KSS for exemption. If the Legislature intended the phrase “when utilized” to apply to no more than de minimis use, that phrase would have little meaning, Alling Street Urban Renewal Co. v. City of Newark, 204 N.J.Super. 185, 190, 497 A.2d 1287 (App.Div.1985), certif. den., 103 N.J. 472, 511 A.2d 653 (1986), and would easily invite subterfuge. Tax statutes ordinarily are approached with the understanding all property should bear its just and equal share of the public burden of taxation. Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). If statutory language is unclear and there is no other indication of legislative intent, it is presumed the probable intent is one of inclusion. Fedders Financial Corp. v. Dir., Div. of Taxation, 96 N.J. 376, 386, 476 A.2d 741 (1984). Tax exemptions are strictly construed against those seeking exemption so long as the language or legislative intent is not distorted. Fairlawn Shopper, Inc., v. Div. of Taxation, 98 N.J. 64, 73, 484 A.2d 659 (1984); Mal. Bros. v. Director., Div. of Taxation, 124 N.J.Super. 55, 61, 304 A.2d *94 750 (App.Div.1973), certif. den., 63 N.J. 554, 310 A.2d 469 (1973). KSS has not demonstrated it was competing commercially for public patronage when using the aircraft. Simply put, the predominant use was for private carriage and, thus, not entitled to an exemption.
With respect to Judge Lasser’s rejection of KSS’ constitutional challenge, we note only that if there remained any question of the viability of a “taxable moment” test after Complete Auto Transit, Inc. v. Brady, supra, that has been put to rest. See D.H. Holmes Co., Ltd. v. McNamara, 486 U.S. 24, 108 S.Ct. 1619, 100 L.Ed.M. 21 (1988).
The final judgment of the Tax Court is affirmed.

 We understand the application subsequently was withdrawn because KSS sold the aircraft.