RIMM, J.T.C.
This is a sales tax matter involving the purchase of a 1993 Mercedes Benz 300D automobile by plaintiff, Joseph Furmato, from TSE Motor Cars in Toms River, New Jersey, on April 23, 1993. The automobile had a retail purchase price of $40,055; the dealership applied a $13,055 trade-in allowance against the purchase price; and the cash payment made by Mr. Furmato for the car was $27,000.
Implicated in this matter are the provisions of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -36. In particular, the case involves N.J.S.A. 54:32B-10(a), a provision exempting receipts from the sale of motor vehicles to nonresidents from New Jersey sales tax and providing that, if the exemption conditions are not met, the purchaser is liable for the sales tax.
At the time he bought the vehicle, Mr. Furmato executed a New Jersey Motor Vehicle Sales and Use Tax Exemption Report, Form ST-10, certifying that he was a nonresident of New Jersey, had no permanent place of abode in New Jersey, and was not engaged in any employment, trade, business, or profession in which the automobile would be used in New Jersey. Claiming that the *12 purchase was exempt from the payment of sales tax, Mr. Furmato paid no New Jersey sales tax on the purchase of the automobile.
On June 7, 1998, defendant, Director, Division of Taxation, issued a Motor Vehicle Resident Determination Letter to Mr. Furmato asserting Mr. Furmato’s possible liability for New Jersey sales tax on the purchase of the automobile. In this letter, the Director explained that Mr. Furmato might be liable for New Jersey sales tax based on the fact that he was not a nonresident of New Jersey at the time he purchased the vehicle. The Director assessed a total of $1,774, consisting of $1,620 in sales tax on the $27,000 cash part of the price of the car, plus penalties and interest to that date in the amount of $154. In his letter, the Director told Mr. Furmato that he had two options: he could submit proof of nonresidence to the Division of Taxation or pay the assessed amount.
Mr. Furmato responded to the assessment by two letters indicating his disagreement and his request for an administrative hearing. On February 7, 1994, such a hearing took place. On February 16, 1994, the Director issued a Final Determination Letter to Mr. Furmato, upholding the initial sales tax assessment, but waiving the penalty and reducing interest to the statutory minimum amount. The Director claimed $1,752.14 as the total due at that time. Following the receipt of the Final Determination letter, Mr. Furmato filed a timely small claims complaint with the Tax Court on May 17,1994.
Mr. Furmato was the only witness at trial. He testified that he had been a long-time resident of Bergen County, New Jersey, but that in 1990 he retired and moved to Vero Beach, Florida with his wife, Margaret Furmato, for health reasons. Each year since 1990, Mr. Furmato and his wife have returned to New Jersey and have stayed at what Mr. Furmato referred to as his “summer home,” located at 114 Meadow Point Road in Point Pleasant. The couple travel to New Jersey at the end of April or the beginning of May and return to Florida sometime in September.
Mr. Furmato described the “summer home” as a five bedroom, Cape Cod style house, with a kitchen, basement, attic, deck, and *13 pool. According to Mr. Furmato, his wife’s parents built the house in 1953. Some years later, Mr. Furmato’s mother-in-law transferred the property to Mr. Furmato’s wife and Mr. Furmato’s brother-in-law, jointly. Some time after that transfer, Mr. Furmato’s brother-in-law transferred his share of the property to Mr. Furmato’s wife. Mr. Furmato could not recall the exact date of either of these transfers, but admitted that his wife did own the Point Pleasant property at the time of the purchase of the automobile in 1993.
Title to the property has been in the name of Mr. Furmato’s wife since the transfer from Mr. Furmato’s brother-in-law, and local property taxes have been paid by her. Mr. Furmato acknowledged that, since he and his wife handle all of their finances together, he has effectively paid for the upkeep and maintenance of the property. Mr. Furmato stated that he has purchased and paid for furniture used in the Point Pleasant house. Additionally, a telephone listing in the Ocean County telephone book for 1992-1993 for the property was in Mr. Furmato’s name. Mr. Furmato indicated that he receives mail at the Point Pleasant property and has instructed the United States Postal Service to forward mail addressed to Point Pleasant to Florida when he returns to Florida and to forward Florida mail to Point Pleasant when he goes from Florida to Point Pleasant. There is also a joint checking account in both Mr. Furmato’s name and his wife’s name in New Jersey.
Other family members living in New Jersey, have also spent time at the house. At times, for example, the house was used as a starter home for Mr. Furmato’s adult children until they had saved enough money to buy their own homes. Also, Mr. Furmato’s brother-in-law, sister-in-law, and their daughter have sometimes occupied the house with Mr. Furmato and his family during the summers.
Mr. Furmato said that in 1993, he drove from Florida with his wife around the middle of April, purchased the car in Toms River on April 23, and remained at the house in Point Pleasant until mid-September. The couple then drove back to Florida in the *14 new ear, stopping in Baltimore, Maryland to watch a baseball game between the New York Yankees and the Baltimore Orioles.
Mr. Furmato testified that, before buying the automobile on April 23, 1993 he telephoned the tax assessor of Indian River County, Florida, and was told by the assessor that, despite his wife’s house in New Jersey, he was required to pay sales tax on the car to the State of Florida. Mr. Furmato said that he also asked the salesmen at TSE Motor Cars, the dealership in Toms River, about where to pay the sales tax, and they agreed with the opinion of the Florida tax assessor. Mr. Furmato stated that he paid full “sales tax” on the automobile to the State of Florida and that in doing so, he paid $50 more than he would have had to pay under the New Jersey Sales and Use Tax Act.
Mr. Furmato argues that he is exempt from New Jersey sales tax on the purchase of his automobile as a nonresident under N.J.SA 54:32B-10(a). Alternatively, he contends that he is not liable for New Jersey sales tax on the transaction because he paid sales tax to the State of Florida. In response, defendant maintains that Mr. Furmato does not meet the requirements for exemption under N.J.S.A 54:32B-10(a) and owes the full amount of sales tax, $1,620, plus interest calculated at the statutory minimum amount, to the State of New Jersey.
New Jersey sales tax is levied in accordance with the provisions of the Sales and Use Tax Act, N.J.SA 54.-32B-1 to -36. N.J.SA 54:32B-3 imposes a six percent sales tax on the receipts from every retail sale of tangible personal property in New Jersey, unless that property is exempted under some other statutory provision. N.J.SA 54:32B-10(a) is an exemption provision and reads as follows:
Receipts from any sale of a motor vehicle, an aircraft or a boat or other vessel shall not be subject to the retail sales tax imposed under ... [N.J.S.A. 54:32B-3], despite the taking of physical possession by the purchaser within this State, provided that the purchaser, at the time of taking delivery:
(1) is a nonresident of this State,
(2) has no permanent place of abode in this State,
*15 (3) is not engaged in carrying on in this State any employment, trade, business or profession in which the motor vehicle, aircraft or boat or other vessel will be used in this State,
(4) prior to taking delivery, furnishes to the vendor: any affidavit, statement or additional evidence, documentary or otherwise, which the director may require to assure proper administration of the tax imposed [under N.J.S.A, 54:32B-3], and
(5) will not house, moor, base or otherwise place the aircraft boat or other vessel in this State for use on other than a transient basis or for repairs at any time within 12 months from the date of purchase. In the event that any of the conditions specified in this subsection (a) have not been met, the exemption herein granted shall not be applicable and the purchaser shall be liable for the payment of the sales tax.
This exemption provision is an exception to the general rule that sales of tangible personal property are taxable. Such a provision must “be strictly construed against the claimant because an exemption from taxation is a departure from the equitable principle that everyone should bear one’s just and equal share of the public tax burden.” KSS Transp. Corp. v. Director, Div. of Taxation, 9 N.J. Tax 273, 279 (Tax 1987), aff'd, 11 N.J. Tax 89 (App.Div.), certif. denied, 118 N.J. 184, 570 A.2d 952 (1989).
The New Jersey sales tax provisions are silent as to what constitutes a “nonresident” under N.J.S.A. 54:32B-10(a)(1) and as to what constitutes a “permanent place of abode” under N.J.S.A 54:32B-10(a)(2). N.J.S.A 54:32B-24, however, authorizes the Director of the Division of Taxation to “make, adopt and amend rules and regulations appropriate to the carrying out of [the Sales and Use Tax Act] and the purposes thereof . . . .” Administrative regulatory authority consists of those powers expressly granted by the enabling legislation as well as those incidental powers that are reasonably necessary to effectuate the specific delegation of regulatory power. See New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562, 384 A.2d 795 (1978).
N.J.A.C. 18:24-7.8(b)(1), promulgated by the Director under the statutory mandate of N.J.S.A. 54:32B-24, provides that, at least for the purpose of determining a sales tax exemption, “[a]ny person who maintains a place of abode in New Jersey is a resident individual.” A place of abode is defined by the regulation as “a dwelling place maintained by a person, or by another for him, *16 whether or not owned by such person, [on] other than a temporary or transient basis.” N.J.A.C. 18:24-7.8(b)(1).
The word “temporary” is defined as “lasting for a time only: existing or continuing for a limited time: impermanent, transitory.” Webster’s Third New International Dictionary 2353 (3d ed. 1986). The word “transient” is defined as “passing away in time or ceasing to exist: impermanent, transitory, short-lived” and “passing through or by a place with only a brief stay or sojourn.” Id. at 2428.
Based on Mr. Furmato’s testimony that every year since 1990, he and his wife have regularly returned to spend time at the house in Point Pleasant, I find that Mr. Furmato and his wife maintain the house on “other than a temporary or transient basis.” I find that Mr. Furmato is a resident of New Jersey, and he is liable for the New Jersey sales tax due on the purchase of the automobile.
Although a person may have only one domicile, it is well established that “[a] person may have several residences or places of abode.” Collins v. Yancey, 55 N.J.Super. 514, 520, 151 A.2d 68 (Law Div.1959); Miller v. United States Fidelity & Guaranty Co., 127 N.J.Super. 37, 42, 316 A.2d 51 (App.Div.1974) (‘While a person may have only one true domicile, he may have more than one residence.”); Cromwell v. Neeld, 15 N.J.Super. 296, 300, 83 A.2d 337 (App.Div.1951). Thus a person can be a resident of more than one state. “Residence simply requires bodily presence as an inhabitant in a given place . . . .” Goffredo v. Director, Div. of Taxation, 9 N.J. Tax 135, 140 (1987) (quoting Black’s Law Dictionary 1176 (5th ed. 1979)).
Mr. Furmato has also asserted that he is not liable for New Jersey sales tax on the purchase of his car because he paid tax on the purchase of the car to the State of Florida. There is no merit to this argument.
The State of Florida assesses sales tax against all goods sold within Florida’s borders. For certain out-of-state purchases that are brought into Florida for use within the borders, the State of Florida imposes a use tax at the same rate as the sales tax would *17 have been had the goods been purchased in Florida. o Motor vehicles can be subject to the use tax. Fla.Stat.Ann. § 212.06 (West 1996). Florida law, however, provides that where a use tax is applicable, the State must give credit for any “like tax” paid to another American jurisdiction that is equal in amount to or greater than Florida’s tax. If the out-of-state tax was less than the Florida tax, the out-of-state purchaser is held responsible for paying the difference to the State of Florida. Fla.Stat.Ann. § 212.06(7) (West 1996). Administrative regulations require the purchaser to present documentary evidence that the tax was paid to the other jurisdiction. Fla.Admin.Code Ann. r. 12A-1.007(3)(a) (1995).
Mr. Furmato has characterized the tax he paid to Florida as “sales tax.” Since he purchased the car in Toms River, New Jersey and not in Florida, he actually paid a use tax to Florida. Once he pays the sales tax that he owes to the State of New Jersey and presents documentary evidence to the State of Florida of the payment to New Jersey, he may be eligible for a credit under Florida use tax law for the amount paid as sales tax to New Jersey.
In his complaint filed with the Tax Court on May 17, 1994, Mr. Furmato indicated that he has already “tried to get the tax back from Florida but they refused.” Mr. Furmato gave no indication at trial or in his pleadings as to exactly how he made his request or exactly why his request was refused. Whether the refusal occurred because he did not present documentary evidence of a payment to another jurisdiction or whether the refusal resulted fi-om some other reason, is unclear from the current record. Whatever the case, it still does not change Mr. Furmato’s liability for sales tax in New Jersey.
The Director’s sales tax assessment is affirmed. Judgment will be entered dismissing the complaint.