42682. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. REESE et al.

ARGUED APRIL 5, 1967—DECIDED JUNE 22, 1967.

*Heard & Leverett, L. Clifford Adams, Jr.,* for appellant.

*Randall Evans, Jr., J. Cecil Davis, E. Purnell Davis,* for appellees.

PER CURIAM. 1. The rights of participants in the assigned risk plan for automobile liability insurance are controlled primarily by Sec. 17 of the Motor Vehicle Safety Responsibility Act of 1951 (Ga. L. 1951, pp. 565, 576; *Code Ann.* § 92 A-617) and regulations promulgated in implementation thereof. Accordingly, if there be any conflict in the provisions of *Code Ann.* § 56-2409 as to the effect of statements in an application for insurance and the specific requirements of the assigned risk plan, the latter requirements are controlling as to an application under the assigned risk plan and a policy of liability insurance issued pursuant thereto.

2. Although the regulations contain the qualification that "[n]othing herein shall be deemed to affect the carrier's right to rescission for fraud or misrepresentation or to other remedies provided by law," this provision must be construed with other

portions of the regulations which deal with what constitutes a good faith application under the regulations governing this plan. Thus the quoted provision would not be applicable to permit rescission for misrepresentations which are insufficient under the regulations as a whole to relieve an insurer of its obligation to provide coverage, and which only affect the premium charge.

3. The insurer in this case, in seeking a declaration that a liability policy issued pursuant to the assigned risk plan is void *ab initio,* alleges that the applicant falsely stated that he was the owner of the vehicle to be insured, whereas in fact he knew that the son was the registered owner, and further alleges that "[i]f the true facts had been disclosed, . . . the premium would have been $200 [instead of $120], due to the greater risk of insuring a minor owner." Under the assigned risk regulations attached to and made a part of the petition, the insurer is obligated to provide coverage for an applicant in good faith, i.e., one who "reports all information of a material nature, and does not willfully make incorrect or misleading statements, in the prescribed application form. . ." The mere allegation that the applicant knew that his son was the registered owner of the vehicle is insufficient to show that he *wilfully* made an incorrect or misleading statement in listing himself as the owner on the application. By the allegations of the petition the insurer in effect concedes that the alleged incorrect information was "of a material nature" only with respect to the premium charge, and under the pleaded regulations even if the applicant had listed his minor son as the registered owner, the insurer was obligated to accept the risk as an assigned risk. Although under the circumstances the insurer may be entitled to an adjustment in the premium charge, a form of relief which it does not seek, the alleged false statement of the application as to the registered owner of the vehicle as pleaded is insufficient basis for declaring the contract void *ab initio.*

4. This leaves for consideration the effect of the alleged false representation as to the principal operator, i.e., the applicant's representation that the minor son would only drive the vehicle one-eighth of an estimated 8,000 miles which the vehicle would be driven in a year, although he knew that his son was

the principal driver. This alleged misrepresentation is nothing more than an opinion or representation as to the expected use of the vehicle in the future, and is insufficient as a matter of pleading to show that the applicant wilfully made an incorrect or misleading statement. Accordingly, it would also afford no basis for declaring the contract void *ab initio*. See *Brooks v. Pitts*, 24 Ga. App. 386 (1) (100 SE 776); *Ambrose v. Brooks*, 109 Ga. App. 881 (137 SE2d 573).

5. In view of the foregoing the trial judge properly sustained the general demurrers to the petition.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*