227 N.J. Super. 412 (1988)
547 A.2d 735
MARIANNE DOBROLOWSKI, A/K/A MARIANNE WOZNIAK AND GERARD DOBROLOWSKI, PLAINTIFFS,
v.
R.C. CHEVROLET, INC., FRANK FERRERA, SILVERMAN ASSOCIATES AND CONTINENTAL INSURANCE COMPANY OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided June 10, 1988.
*413 George J. Otlowski, Jr., for plaintiffs.
*414 Charles W. Miller, III, for defendants R.C. Chevrolet and Frank Ferrera (Golden, Lintner, Rothschild, Spagnola & DiFazio, attorneys).
George J. Mandle, Jr., for defendant Silverman Associates.
Mark C. DeBlis, for defendant Continental Insurance Company (Timins & Lesniak, attorneys).
MENZA, J.S.C.
This case presents these questions:
Whether the person who applies for insurance with the New Jersey Full Insurance Underwriters Association (the association) must be the title owner of the vehicle for which coverage is requested. Whether the applicant's failure to state the name of the title owner and registered owner in the application is a material misrepresentation justifying a rescission of the policy.
These are the facts:
On September 17, 1985, plaintiffs, who at the time were living together and engaged to be married, arranged for the purchase of an automobile for the purpose of providing an engagement gift to plaintiff, Marianne Dobrolowski. The down payment for the automobile was made by Mrs. Dobrolowski from a personal loan obtained by her in the sum of $2,000. The balance was paid from the proceeds of an automobile loan obtained by Mr. Dobrolowski. Plaintiffs contend that it was their intention to put the title of the automobile in the name of Mrs. Dobrolowski, but because she was unable to obtain financing, the automobile title and registration were placed in the name of Mr. Dobrolowski.
On August 14, 1985, prior to the delivery of the automobile, plaintiff Mrs. Dobrolowski applied, in her maiden name, for the insurance through the association and paid the full-year premium in the sum of $921. The application for insurance asked the question: "registered owner of vehicle, if not the applicant?" Mrs. Dobrolowski did not answer this question. Mrs. Dobrolowski thereafter took possession of the automobile and made *415 payments on both loans until April 15, 1986. On March 19, 1986, Mrs. Dobrolowski was injured as a result of an automobile accident, and applied to Continental for personal injury protection benefits. Defendant Continental was the servicing agent of plaintiff's policy with the association. On April 24, 1986, Continental advised Mrs. Dobrolowski that it was denying coverage to her because the owner and the insured were not the same person.
It is defendant Continental Insurance Company's contention that plaintiff was not a qualified applicant for insurance under the statute because she was not the title owner of the automobile. The statute, N.J.S.A. 17:30E-3(m), defines a qualified applicant as follows:
(m). "Qualified Applicant" means a person domiciled in New Jersey, who is an owner of an automobile registered and principally garaged in this State.... No person shall, however, be deemed a qualified applicant, if the principal operator of the automobile to be insured does not hold a driver's license which is valid in this State; or if a regular operator of an automobile other than the principal operator does not hold such a license; or if timely payment of the premium is not tendered; or if the principal operator of the automobile does not furnish the information necessary to effect insurance.... [Emphasis supplied]
The owner of the vehicle is usually the person who holds the title and in whose name the vehicle is registered, but this is not always the case.
Although the motor vehicle laws state that the owner of a vehicle is the person who holds the legal title of a vehicle, N.J.S.A. 39:1-1, case law holds that the true owner of an automobile may be one other than the holder of the legal title. American Hardware Mutual Ins. Co. v. Muller, 98 N.J. Super. 119 (Ch.Div. 1967), aff'd 103 N.J. Super. 9 (App.Div. 1968); see also Horowitz v. Schanerman, 117 N.J.L. 314 (E. & A. 1936); Tinsman v. Parsekian, 65 N.J. Super. 217 (App.Div. 1961).
There is no doubt that if the Legislature had intended that an applicant be the title owner or the registered owner of the vehicle, it would have said so. One must assume, in interpreting statutes, that the Legislature chooses its words carefully. Therefore, the fact that the word "owner" was used rather *416 than "title owner" or "registered owner,"[1] and the fact that it can be assumed that the Legislature was aware of prior judicial construction given to the word "owner," are clear indications that the Legislature intended that the applicant for insurance could be any person having an interest in the vehicle, even if, that person was not the title or registered owner of the vehicle.
The facts of this case demonstrate that Mrs. Dobrolowski was the owner or at least a part owner of the vehicle in question. The automobile was intended as an engagement gift to her. She paid the down payment and made all other payments on the loans prior to marriage. She was also the principal driver of the vehicle. She was, therefore, as the owner of the automobile, a qualified applicant under the statute.
Defendant Continental argues, however, that even if Mrs. Dobrolowski is a qualified applicant under the statute, her failure to state in the application that her husband was the title and registered owner of the vehicle was a material misrepresentation which voids the policy ab initio.
New Jersey requires that all vehicles garaged or registered in New Jersey have automobile liability insurance. N.J.S.A. 39:6A-3. In order to insure coverage for everyone, the Legislature adopted the New Jersey Automobile Full Insurance Availability Act. N.J.S.A. 17:30E-1 et seq.
The purpose of this act is to assure to the New Jersey insurance consumer full access to automobile insurance through normal market outlets at standard market rates, to encourage the use of available market facilities, to provide automobile insurance for qualified applicants who cannot otherwise obtain such insurance through a full automobile insurance underwriting association. [N.J.S.A. 17:30E-2]
*417 The statute provides that a qualified applicant who pays the required premium is entitled to insurance coverage.
(a) Any qualified applicant shall be entitled to apply to the association for insurance coverage available pursuant to Section 27 of this Act. N.J.S.A. 17:30E-9(a).
(b) If the servicing carrier determines that the applicant is a qualified applicant, the carrier, as an agent of the association, upon receipt of the appropriate premium, or such portion thereof as is prescribed in the plan of operation, shall issue or cause to be issued, a policy of automobile insurance.... [N.J.S.A. 17:30E-9(b); emphasis supplied]
Generally, representations regarding ownership are material to the policy contract.
The theory upon which ownership is deemed material goes to the heart of the insurance operation: acceptance of a mathematically categorized risk in return for a computed premium consonant with that risk. In the instance of automobile liability insurance, moreover, there are situations in which the particular risk  because of general age grouping, personal accident record, or otherwise  is considered too high to justify coverage at any cost; in such a case, the insurer will not enter into a contract with the applicant in question. [Merchants Indemnity Corp. v. Eggleston, 68 N.J. Super. 235, 245 (App.Div. 1961); see also 33 A.L.R.2d 948 (1954).]
This proposition is not applicable, however, to policies issued under the New Jersey Full Automobile Underwriters Insurance Association Act. That statute was enacted in conjunction with the compulsory insurance statute in order to insure that all residents would be covered by liability insurance. The statute is clear. It mandates ("shall issue") that coverage is to be provided to anyone who is a qualified applicant and who pays the required premium. The insurance carrier does not have the option to refuse to enter into a contract with the applicant even in those situations where the applicant presents an especially high risk. Therefore, the fact that the title and registered owner of the vehicle is not revealed in the application is in no way relevant to whether coverage should or should not be provided to the applicant, and thus, does not constitute a material misrepresentation which would justify voiding the policy ab initio. Its relevancy relates only to the premium which may be charged.
*418 Although this precise issue has not been addressed in New Jersey, courts in other states with compulsory insurance statutes have concluded that insurance companies cannot deny coverage to third persons, as well as the insured, because of a misrepresentation in the application for insurance.
Two Georgia cases are illustrative. In Sentry Indemnity Company v. Sharp, 248 Ga. 395, 282 S.E.2d 907 (Sup.Ct. 1981), a case involving injury to a third person, the court stated:
Since the purpose of the compulsory insurance statute is to assure, so far as possible, that there will be no certificate registration outstanding without concurrent and continuous liability insurance coverage, and since, once a certificate of insurance has been issued and filed (with the appropriate state agency), the contract of insurance ceases to be a private contract between the parties and a supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions, it is impossible to reconcile the existence of a right to rescind the insurance contract ab initio for fraud with the general scheme of the compulsory insurance law. [282 S.E.2d at 908]
In State Farm Mutual Insurance Co. v. Reese, 116 Ga. App. 59, 156 S.E.2d 529 (1967), a case involving an injury to the insured, the court stated:
By allegations of the petition the insurer in effects concedes that the alleged incorrect information was "of a material nature" only with respect to the premium charge, and under the pleaded regulations even if the applicant has listed his minor son as the registered owner, the insurer was obligated to accept the risk as an assigned risk. Although under the circumstances, the insurer may be entitled to an adjustment in the premium charge, a form of relief which it does not seek, the alleged false statement of the application as to the registered owner of the vehicle as pleaded is insufficient basis for declaring the contract void ab initio. [156 S.E.2d at 531]
Mrs. Dobrolowski was a qualified applicant who paid the required premium, and Continental cannot, therefore, declare the policy void and deny her coverage. PIP payments must be paid under the policy. It is to be noted, in reaching this conclusion, this court does not mean to suggest that every qualified applicant for insurance from the association must, in every case, be issued an insurance policy no matter what circumstances exist. For example, an intentional fraud, the purpose of which is to cheat an insurance company, would not, of course, be condoned. The facts of this case do not present *419 such a situation, however. Therefore, under the circumstances of this case, to deny coverage to Mrs. Dobrolowski, whose good faith is unassailable, would be both unfair, as well as violative of the legislative purpose of the compulsory insurance statutes.
NOTES
[1] Note: N.J.S.A. 39:6A-3, dealing with compulsory insurance, states:

Every owner or registered owner of an automobile registered in or principally garaged in this State shall maintain automobile liability insurance coverage.... [Emphasis supplied]