A91A0430. SCHWARTZ et al. v. BLACK et al.
(409 SE2d 681)

CARLEY, Judge.

The sole issue presented for resolution in the instant appeal concerns a policy of automobile insurance issued pursuant to the Georgia Automobile Insurance Plan (Plan). The trial court held that a policy issued pursuant to the Plan can provide a maximum bodily injury liability limit of $100,000 per person. It is from that order that the instant appeal is taken.

It is generally true that " '[i]nsurance is a matter of contract and it is contract law . . . that is ultimately controlling. [Cit.]' [Cit.]" *MAG Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 173 (1) (367 SE2d 63) (1988). However, " '[t]he rights of participants in the assigned risk plan for automobile liability insurance are controlled primarily by [OCGA § 40-9-100] and regulations promulgated in implementation thereof.' [Cit.]" *Employers Commercial Union Cos. v. Waldrop*, 124 Ga. App. 746, 749 (2) (186 SE2d 134) (1971). "Accordingly, if there be any conflict in [general contract and insurance law] and the specific requirements of the assigned risk plan, the latter requirements are controlling as to an application under the assigned risk plan and a policy of liability insurance issued pursuant thereto." *State Farm &c. Ins. Co. v. Reese*, 116 Ga. App. 59, 60 (1) (156 SE2d 529) (1967). "[I]nsurance coverage under the assigned risk plan is not the subject

of normal negotiations between contracting parties, but is made effective by operation of law to serve the best interests of the general public. [Cit.]" *Rondale Bus Svc. v. American Cas. Co. of Reading*, 189 Ga. App. 869, 871 (1) (377 SE2d 726) (1989). Accordingly, the first issue to be resolved is whether the Plan specifies a maximum bodily injury liability limit of only $100,000 per person, for, if it does, then that maximum limit as specified in the Plan is controlling.

"Where an agency or commission is granted the authority and power to adopt . . . rules and regulations within the scope of the legislative enactment, such rules and regulations have the same force and effect as that of a statute. [Cit.]" *Panfel v. Boyd*, 187 Ga. App. 639, 643 (2b) (371 SE2d 222) (1988). "Accordingly, [in construing the administrative rules and regulations implementing the Plan] we may look to various rules of statutory interpretation. . . ." *Cross v. Balkcom*, 102 Ga. App. 81, 83 (115 SE2d 783) (1960), rev'd on other grounds, 216 Ga. 530 (118 SE2d 185) (1961). See also *American Med. Intl. v. Charter Lake Hosp.*, 186 Ga. App. 204, 207 (2) (366 SE2d 795) (1988). Among those rules of statutory construction is the following: " 'Where a particular expression in one part of a statute is not so extensive or large in its import as other expressions in the same statute, it must yield to the larger and more extensive expression, where the latter embodies the real intent of the legislature. . . .' [Cit.]" *Board of Trustees &c. of Atlanta v. Christy*, 246 Ga. 553, 555 (1) (272 SE2d 288) (1980). Another rule of statutory construction is that which provides that " '[w]here there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision.' . . . 'The rule of construction applicable to all writings . . . is this: that general and unlimited terms are restrained and limited by particular recitals, when used in connection with them.' [Cit.]" *Mayor &c. of Savannah v. Savannah Elec. &c. Co.*, 205 Ga. 429, 436-437 (54 SE2d 260) (1949).

Application of these and other pertinent rules of statutory construction to the administrative rules and regulations implementing the Plan demonstrates that the trial court correctly ruled that a policy issued pursuant to the Plan can provide a maximum bodily injury liability limit of $100,000 per person. Any other provisions which may arguably relate generally to the issue of the limit of such coverage must yield to Section 10 (A) (2) (c) (1) of the Plan, which provides specifically that "[a]n insured assigned under the Plan may, at his option, also purchase additional coverage to be written in the same policy as liability coverage for *liability* limits . . . *up to* $100,000/300,000 Bodily Injury. . . ." (Emphasis supplied.) Since the Plan it-

self provides a maximum bodily injury liability limit of $100,000, reliance upon principles of general contract and insurance law to assert a greater limit in the instant case is unavailing. "[I]f there be any conflict in [general contract or insurance law] and the specific requirements of the assigned risk plan, the latter requirements are controlling as to an application under the assigned risk plan and a policy of liability insurance issued pursuant thereto." *State Farm &c. Ins. Co. v. Reese,* supra at 60 (1).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 — 

*William Q. Bird, P.C., William Q. Bird, Edward R. Still,* for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.