887 A.2d 732

VICTOR DZIUBA AND ALEXANDRA DZIUBA, HIS WIFE, PLAINTIFFS–APPELLANTS, v. SCOTT J. FLETCHER, KRISTEN L. VANDERHOOK, LOUIS H. VANDERHOOK, AND FIRST TRENTON INDEMNITY COMPANY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 10, 2005—Decided December 27, 2005.

74

Before Judges CONLEY,[1] WEISSBARD and WINKELSTEIN.

*S. Caroline Granato* argued the cause for appellants (*Radano & Lide,* attorneys; *Ms. Granato,* on the brief).

*Michael G.B. David* argued the cause for respondent Scott J. Fletcher (*Lewis & David,* attorneys; *Mr. David,* of counsel and on the brief).

*Eugene P. Tazzetto,* attorney for respondent First Trenton Indemnity Company (*Grant W. Keller,* on the brief).

Respondents Kristen L. Vanderhook and Louis H. Vanderhook did not submit a brief.

The opinion of the court was delivered by

WEISSBARD, J.A.D.

This appeal presents two unresolved issues in the application of the no-fault law: (1) whether an individual deemed to be an owner,

---

[1] Judge Conley did not participate in oral argument. However, with the consent of counsel she has joined in this opinion.

*R.* 2:13–2(b).

although not the registered owner, of an uninsured vehicle, who is involved in an accident is barred from collecting personal injury protection (PIP) benefits pursuant to *N.J.S.A.* 39:6A–7b(1), and (2) whether such an uninsured owner must be operating his uninsured vehicle at the time of the accident in order to be barred from seeking non-economic damages pursuant to *N.J.S.A.* 39:6A–4.5.

Plaintiff Victor Dziuba appeals from separate orders of the Law Division entered by two different judges that (1) dismissed his complaint against defendant First Trenton Indemnity Company (First Trenton) seeking PIP benefits for medical expenses, and (2) dismissed his complaint against defendants Scott Fletcher and Kristen Vanderhook for economic and non-economic damages. We affirm as to the denial of PIP benefits and economic damages but reverse and remand as to the demand for non-economic damages.

The facts are simple and straightforward. On August 16, 2000, plaintiffs, husband and wife, were passengers in an automobile owned and operated by defendant Scott Fletcher, when it was involved in an accident with a vehicle owned by Louis Vanderhook and operated by defendant Kristen Vanderhook. Although there were three automobiles in the Dziuba household, none were insured at the time of the accident. Plaintiffs purchased a Toyota Tercel in 1995 or 1996 which was registered to Alexandra and regularly driven by her around the time of the August 16, 2000 accident. Victor regularly drove a white Dodge Caravan that was registered in either Victor or Alexandra's name at the time of the accident. Finally, Victor also operated a red Dodge Caravan around the same time. Victor was injured in the accident and received treatment from various doctors for his injuries. His medical expenses amounted to approximately $9300.

Plaintiffs instituted suit against Fletcher, Louis and Kristen Vanderhook and First Trenton, the liability carrier for Fletcher. The claim against First Trenton was for PIP benefits. Louis

Vanderhook was dismissed based on lack of agency. Defendants Fletcher and Kristen Vanderhook moved for summary judgment on the basis that plaintiffs were subject to and unable to meet the verbal threshold, *N.J.S.A.* 39:6A–8. Alexandra did not oppose the motion, but Victor did.[2] The motion was granted on March 19, 2004. In an oral opinion, the judge ruled that as an owner of an uninsured vehicle, Victor was "culpably uninsured" and therefore subject to the verbal threshold. He also found that Victor's injuries did not surmount the threshold. The parties did not address, and the judge did not determine, whether *N.J.S.A.* 39:6A–4.5 provided an independent basis for dismissal of Victor's claim for non-economic damages.

Thereafter, First Trenton moved for summary judgment on the basis that plaintiff was ineligible for economic loss damages, including PIP benefits, since he was "culpably uninsured" at the time of the accident. Defendants Fletcher and Vanderhook similarly moved. The motions were heard by a different judge and granted on July 9, 2004. The second judge's ruling was predicated on Victor's status as "culpably uninsured," as determined by the first judge, and *N.J.S.A.* 39:6A–7b(1) and 39:6A–12. Again, no reference was made to *N.J.S.A.* 39:6A–4.5 as an independent basis for dismissal of the economic loss claim.

Victor appeals, contending that he was not culpably uninsured and was, therefore, not subject to the verbal threshold. He also argues that even if he was subject to the threshold, he surmounted it. Further, he claims that he is entitled to PIP benefits or, alternatively, economic loss damages.

The PIP claim presents an issue not previously addressed in a reported decision. *N.J.S.A.* 39:6A–7b(1) provides, in pertinent part, that an insurer may exclude a person from PIP benefits who at the time of the accident "was the owner or registrant of an automobile registered or principally garaged in this State that was

---

2 Alexandra's only remaining claim is for loss of consortium. For convenience, we will refer to only Victor as the plaintiff.

being operated without personal injury protection coverage."
There is no question that the Dziuba household had three unin-
sured vehicles. Plaintiff argues, however, that he was not the
"owner or registrant" of any such vehicles but was only the spouse
of the "owner or registrant." We reject that claim.

■ As the discovery revealed, Victor and Alexandra jointly
owned several uninsured vehicles. Even if the cars were only
registered in Alexandra's name, there is no legitimate dispute that
the vehicles were joint assets in an intact household.[3] Indeed,
throughout their depositions, Victor and Alexandra continuously
used the pronoun "we" in describing their use and ownership of
the vehicles. Further, the statute itself does not equate owner
and registrant; rather, it speaks of "owner *or* registrant." *Ibid.*
(emphasis added). While it is unlikely that the individual in whose
name a vehicle is registered would not be *the* owner or *an* owner,
it is more likely that an owner may not be the registrant. As
Judge Menza stated in *Dobrolowski v. R.C. Chevrolet,* 227 *N.J.Su-
per.* 412, 415, 547 *A.2d* 735 (Law Div.1988), "[t]he owner of the
vehicle is usually the person who holds the title and in whose
name the vehicle is registered, but this is not always the case. . . .
[T]he true owner of an automobile may be one other than the
holder of the legal title." That same proposition was endorsed by
the Court in *Verriest v. INA Underwriters Ins. Co.,* 142 *N.J.* 401,
408, 662 *A.2d* 967 (1995) (quoting *Am. Hardware Mut. Ins. Co. v.
Muller,* 98 *N.J.Super.* 119, 129, 236 *A.2d* 182 (Ch.Div.1967), *aff'd
o.b.,* 103 *N.J.Super.* 9, 246 *A.2d* 493 (App.Div.), *certif. denied,* 53
*N.J.* 85, 248 *A.2d* 437 (1968)). It is common that a husband and
wife jointly own the family cars even though only one can be the
registrant. Such was the case here. We conclude that Victor was
at least [4] a beneficial owner of the uninsured cars at the time of his

---

[3] After the accident, the cars were apparently insured. The record reflects that
an Insurance Identification Card for the Dodge Caravan listed Alexandra and
Victor as the named insureds.

[4] Victor never in fact provided definitive proof as to the vehicles' registration.

August 16, 2000 accident. Since the uninsured cars were being operated at or about the time of the accident, *Kennedy v. Allstate Ins. Co.,* 211 *N.J.Super.* 515, 520, 511 *A.2d* 1301 (Law Div.), *aff'd o.b.,* 213 *N.J.Super.* 137, 516 *A.2d* 1117 (App.Div.1986), *certif. granted,* 107 *N.J.* 71, 526 *A.2d* 153, *vacated as improvidently granted,* 107 *N.J.* 624, 527 *A.2d* 450 (1987); *Liberty Mut. Ins. Co. v. Hyman,* 334 *N.J.Super.* 400, 412, 759 *A.2d* 894 (Law Div.2000), he was therefore precluded from recovering PIP benefits from First Trenton. Thus, the first judge was correct in concluding that Victor was "culpably uninsured," and the second judge was correct in denying Victor PIP benefits on that basis.

■ Victor's complaint sought both economic and non-economic damages against defendants Fletcher and Vanderhook. The economic damages were the same medical expenses for which Victor sought and was denied PIP benefits.[5] Here again, however, Victor's status as the owner of one or more uninsured vehicles bars him from collecting medical expense damages. This issue is more settled. *N.J.S.A.* 39:6A–12 provides that "evidence of the amounts collectible or paid [as PIP benefits] ... to an injured person, including the amounts of any deductibles, copayments or exclusions ... is inadmissible in a civil action for recovery of damages for bodily injury by such injured person."

In *Monroe v. City of Paterson,* 318 *N.J.Super.* 505, 506, 723 *A.2d* 1266 (App.Div.1999), as here, plaintiff sued for economic and non-economic loss arising out of an automobile accident when his car collided with a vehicle owned by the City of Paterson and operated by one of its employees. The vehicle being operated by Monroe was uninsured. *Ibid.* Monroe's claim for non-economic damages was dismissed because he failed to meet the injury threshold of the Tort Claims Act, *N.J.S.A.* 59:9–2(d). *Ibid.* Monroe pressed his claim for economic damages, both medical expenses and lost wages. *Id.* at 507, 723 *A.2d* 1266. The defendants

---

5 Victor's answers to interrogations did not identify any other economic loss, such as lost earnings.

argued that Monroe's economic claims "would have been 'collectible' under PIP coverage, if Monroe had obeyed the law and insured his vehicle. Therefore, his medical expenses and lost wages were inadmissible under [*N.J.S.A.* 39:6A–12] and not recoverable." *Id.* at 508, 723 *A.*2d 1266. We agreed, concluding "that Monroe may not recover economic expenses that would have been collectible as PIP benefits had he insured his vehicle." *Id.* at 510, 723 *A.*2d 1266.

That holding applies in the present case to bar Victor's claim for economic loss. We reject his attempt to distinguish *Monroe* on the basis that the plaintiff in that case was actually operating his uninsured vehicle while here, plaintiff was a passenger in an insured vehicle. The distinction is meaningless in the context of economic loss inadmissibility under *N.J.S.A.* 39:6A–12. Thus, the second judge correctly determined that Victor was barred from recovering his medical expenses, either as PIP benefits, or more generally as economic loss. However, whether Victor was actually operating one of his uninsured vehicles at the time of the accident does bear on the next issue we address.

■ Victor's claim for non-economic loss also presents a novel question. In the March 19, 2004 ruling, the judge found that because Victor was "culpably uninsured," he was subject to the verbal threshold, *N.J.S.A.* 39:6A–8,[6] and failed to surmount that threshold because his injuries did not have a serious impact on his life. *See Oswin v. Shaw*, 129 *N.J.* 290, 318–20, 609 *A.*2d 415 (1992). However, since the time of the judge's ruling, the Court has abrogated the serious impact requirement. *DiProspero v.*

---

[6] It seems almost self-evident that a culpably uninsured should be subject to the verbal threshold. Yet, the exact language in *N.J.S.A.* 39:6A–8 supporting that conclusion is not clear. Judge Lefelt has outlined the source of confusion, which resulted from the Legislature's failure to include language in the 1997 amendment of the act to achieve the result clearly spelled out in the earlier (1985) version. *Martin v. Chhabra*, 374 *N.J.Super.* 387, 391–92, 864 *A.*2d 1155 (App. Div.2005); Craig & Pomeroy, *New Jersey Auto Insurance Law* § 1:2–10 at 15, § 15:3–1 at 261, § 15:3–2 at 263 (2006). Clearly, the Legislature may wish to consider remedying this obvious, albeit unintended, defect.

*Penn,* 183 *N.J.* 477, 506, 874 *A.2d* 1039 (2005). Defendants recognize the force of *DiProspero,* but argue that Victor's non-economic loss claim is barred by *N.J.S.A.* 39:6A–4.5a which provides that:

> [a]ny person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [*N.J.S.A.* 39:6A–4] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

Subsections b and c of that same section provide:

> b.   Any person who is convicted of, or pleads guilty to, operating a motor vehicle in violation of R.S. 39:4–50, section 2 of P.L.1981, c. 512 (C. 39:4–50.4a), or a similar statute from any other jurisdiction, in connection with an accident, shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of the accident.
>
> c.   Any person acting with specific intent of causing injury to himself or others in the operation or use of an automobile shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident arising from such conduct.

■ The issue is whether the individual who is culpably uninsured, and therefore ineligible for PIP benefits, must be actually operating his uninsured vehicle at the time of an accident in order to be barred from recovery of non-economic damages flowing from that accident. The issue has never been addressed in a reported decision. While *N.J.S.A.* 39:6A–7b(1), discussed above, only requires that the uninsured vehicle is being operated at or about the time of the accident for which PIP benefits are sought, the language of *N.J.S.A.* 39:6A–4.5a leads us to conclude that the uninsured vehicle must be the vehicle involved in the accident to preclude its owner/registrant from recovering non-economic damages. The statute says that one who is culpably uninsured at the time of an accident in which that person sustains injuries, shall have no claim for non-economic loss "sustained as a result of an accident while operating an uninsured automobile." *N.J.S.A.* 39:6A–4.5a. The plain import of the language requires that the uninsured vehicle be involved in the accident. Support for that conclusion is found in the following subsections b and c, quoted above, both of which tie the exclusion from recovery to the specific

accident which results in injury. Thus, subsection b requires that a driver who pleads guilty to drunk driving "in connection with an accident" shall have no right to recovery of non-economic loss "sustained as a result of the accident." *N.J.S.A.* 39:6A–4.5b. Subsection c bars from non-economic loss recovery a driver who acts with specific intent to injure himself or others "as a result of an accident arising from such conduct." *N.J.S.A.* 39:6A–4.5c. Each of the subsections imposes the harsh penalty of exclusion upon drivers in three categories, all tied to the use of their vehicle in the particular accident for which damages are claimed.

■ The leading commentators support our conclusion that under *N.J.S.A.* 39:6A–4.5a, the culpably uninsured is barred from recovery "only while actually operating the uninsured vehicle." Craig & Pomeroy, *supra,* § 15:5 at 290. They explain:

> In other words, the mere fact that a person owns a vehicle that is being operated without insurance around the time of an accident disqualifies that person from PIP coverage regardless of whether the person's vehicle is involved in the accident; unless the insured vehicle is actually involved in the accident, however, the culpably uninsured person is not barred from making a claim for personal injuries. In other words, an uninsured driver injured in someone else's insured car is better off than if he were injured while operating his or her own, uninsured car. If injured in another car, the uninsured car owner is barred from collecting PIP benefits but not barred from making a claim for economic and noneconomic losses. If injured while operating his own uninsured car, however, he is barred from PIP coverage and from recovering economic and noneconomic losses.

Thus, while Victor is barred from recovery of PIP benefits as a result of *N.J.S.A.* 39:6A–7b(1), and from recovery of economic loss as a result of that same section combined with *N.J.S.A.* 39:6A–12, he is not precluded from recovery of non-economic loss under *N.J.S.A.* 39:6A–4.5a, because he was not operating one of his uninsured vehicles at the time of the accident in which he sustained injuries. Accordingly, the summary judgment order of July 9, 2004 is reversed insofar as it barred Victor's claim for non-economic damages.

Affirmed in part, reversed in part.