**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1866-17T2

HERBERT HURTADO,

    Plaintiff-Appellant,

v.

JENNIFER WILKINS,

    Defendant-Respondent.

_____

Submitted October 17, 2018 – Decided May 3, 2019

Before Judges Ostrer and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-1483-16.

Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, attorneys for appellant (John C. Rodriguez, of counsel and on the brief; Brian J. Trembley, on the brief).

Law Offices of Viscomi & Lyons, attorneys for respondent (Emily S. Barnett, of counsel and on the brief).

PER CURIAM

Plaintiff Herbert Hurtado appeals from the trial court's summary judgment order dismissing his automobile negligence action against another motorist. The trial court held that N.J.S.A. 39:6A-4.5(a) barred plaintiff from pursuing his claim because he failed to maintain required medical expense benefits coverage while operating an uninsured vehicle. After the accident, the insurance policy that ostensibly covered the vehicle was declared void ab initio because of the wife's underwriting fraud. However, plaintiff contends he was not barred from suit, because he was not required to maintain medical expense benefits coverage. That requirement applies to vehicle owners, and he asserts he was not the owner of any vehicle. The car he operated was registered to his wife.

We reject that argument. Although the wife held title to the vehicle, plaintiff was a beneficial owner, and was required to maintain the coverage. Therefore, we affirm.

## I.

The material facts pertain to the relationship between plaintiff and his wife and plaintiff's interests in the vehicle he operated. In reviewing the motion record, we extend to plaintiff, as the non-movant, all favorable inferences. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A-1866-17T2

Plaintiff was driving a 2005 Kia when he and defendant collided on June 9, 2015.  Plaintiff allegedly suffered permanent injuries.  He purchased the Kia in 2013, when he was unmarried.  However, over a year before the accident, he made all the remaining payments on the Kia and gave it to his co-worker, whom he married in October 2014.  The precise date of the transfer is uncertain.  Plaintiff maintains that he gifted the Kia in late 2013, when his future wife was just a friend; they did not start dating, he said, until 2014.  However, insurance documents indicate that she first insured the Kia in April 2014.  Furthermore, her insurer alleged that title for the Kia was formally transferred in May 2014.

When plaintiff gifted the Kia, his future wife already owned a vehicle, a 1994 Lexus.  Plaintiff said he gifted the Kia because the Lexus was not working well.  However, she suggested that he asked her to insure the Kia because it was too expensive for him.  Plaintiff denied making such a request.  She insured the Kia and Lexus under her name with Progressive.  In addition, she added a 2008 Scion to the policy in June 2014.  She purchased the Scion with plaintiff's adult daughter from a prior relationship; the daughter was the primary operator of the Scion and garaged it at her own place.

In July 2014, she switched the three vehicles' insurance to New Jersey Manufacturers Insurance Co. (NJM).  She told NJM that she was the sole owner

A-1866-17T2

and driver of the vehicles, and there were no other drivers in her household. NJM gave her a "one-driver household" discount. She made no changes in the policy after she married plaintiff in October 2014 and he moved in with her.

Four to six months later – plaintiff could not be more precise – he moved out, and stayed at a friend's house. For the balance of the year, he went back and forth between the homes of his friend and his wife. At one point, he moved back with his wife for "one month, more or less," but he could not recall which month. Plaintiff maintained that he was living at his friend's house when the June 2015 accident occurred. In January 2016, he returned to live with his wife permanently.

Notwithstanding plaintiff's comings and goings, he continued to use the Kia or Lexus, although the frequency and the vehicle are disputed. The wife said that after plaintiff gifted the Kia to her, he preferred to drive the Lexus but would use the Kia if necessary. Plaintiff denied ever driving the Lexus. Plaintiff also contended he did not drive the Kia at all in 2014 but drove it on occasion in 2015 to find a job. Plaintiff successfully obtained employment and he drove the Kia on his first day of work – the day of the accident.

After plaintiff's accident, NJM filed suit against him and his wife. NJM alleged that, contrary to his wife's representations when she applied for

insurance, plaintiff's daughter was the co-owner and regular driver of the Scion, and plaintiff was a regular driver of the Lexus and Kia. NJM ultimately obtained a default judgment that voided the policy from its inception.

Meanwhile, after a period of discovery, defendant moved to dismiss plaintiff's negligence action in this case, on the ground that N.J.S.A. 39:6A-4.5(a) barred plaintiff from maintaining suit. The provision states:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-3.1, -3.3, or -4] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

In granting the defense motion, Judge Camille M. Kenny found that, despite plaintiff's periodic absences from the marital residence, he continued to be married to his wife, and a member of her household. The judge held that plaintiff was not an innocent permissive user, and was required to obtain insurance on the Kia. Having failed to do so, plaintiff's claim was barred.

II.

On appeal, plaintiff contends (1) there are genuinely disputed facts as to whether he was "culpably uninsured," that is, that he was required to maintain coverage; and (2) precluding his claim would not further the overall purpose of

5

N.J.S.A. 39:6A-4.5(a). We are unconvinced. Reviewing Judge Kenny's order de novo, applying the same summary judgment standard as she did, Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010), we conclude the evidence does not present "sufficient disagreement to require submission to a jury" and "it is so one-sided that [defendant] must prevail as a matter of law." Brill, 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

It is undisputed that plaintiff was "operating an uninsured vehicle." The judgment NJM obtained retroactively voided the wife's policy based on misrepresentation. Under N.J.S.A. 39:6A-4.5(a), he was barred from pursuing his damages claim against defendant if he was required to maintain medical expense benefits coverage. Whether he was so required is the key issue.

The owner of a vehicle principally garaged in New Jersey is required to maintain such coverage. See N.J.S.A. 39:6A-3 (stating "every owner or registered owner of an automobile . . . shall maintain automobile liability insurance coverage"); N.J.S.A. 39:6A-4 (stating "every standard automobile liability insurance policy . . . shall maintain [medical expense benefits]"). But a permissive user is not. See White v. Schley, 333 N.J. Super. 581, 582-83 (Law Div. 2000) (finding that a permissive operator of an uninsured vehicle could not

be barred from relief by N.J.S.A. 39:6A-4.5 because the operator, as a non-owner, was not required to maintain insurance).

"For insurance-coverage purposes, there may be more than one 'owner' of a vehicle." Verriest v. INA Underwriters Ins. Co., 142 N.J. 401, 408 (1995). Ownership does not depend solely upon who possesses formal title to automobile. Ibid. "Under our cases, 'the true owner may be one other than holder of legal title to that vehicle.'" Ibid. (quoting Am. Hardware Mut. Ins. Co. v. Muller, 98 N.J. Super. 119, 129 (Ch. Div. 1967)). Were owner and title owner synonymous, the statute would not separately refer to "every owner or registered owner." N.J.S.A. 39:6A-3; see Dziuba v. Fletcher, 382 N.J. Super. 73, 77-78 (App. Div. 2005) (noting that N.J.S.A. 39:6A-7(b)(1), which refers to "the owner or registrant," "does not equate owner and registrant"). A person may own a vehicle by controlling it. Verriest, 142 N.J. at 409.

In Dziuba, we applied these principles of vehicle ownership to a married couple. The Dziuba household had three vehicles. "Even if the cars were only registered in [the wife's] name, there [was] no legitimate dispute that the vehicles were joint assets in an intact household." Dziuba, 382 N.J. Super. at 78. The wife regularly drove one vehicle; the husband regularly drove the other; and he sometimes drove the third. Id. at 76. The Dziuba court noted that, in

their depositions, the couple "continuously used the pronoun 'we' in describing their use and ownership of the vehicles." Id. at 78.  Citing Verriest, as well as Dobrolowski v. R.C. Chevrolet, 227 N.J. Super. 412, 415 (Law Div. 1988), the court applied the general principle that an owner may often not be the registrant. Dziuba, 382 N.J. Super. at 78.  In particular, "[i]t is common that a husband and wife jointly own the family cars" although only one is a registrant.  Ibid.  The husband in Dziuba was a "beneficial owner" of an uninsured car, even if it was registered to his wife.  382 N.J. Super. at 78-79.  Therefore, he was a person required to obtain medical expense benefit coverage.  Id. at 82.[1]

We reach the same conclusion with respect to plaintiff here, and reject his effort to distinguish Dziuba.  Plaintiff contends that, unlike the Dziubas, his household was not intact, and he and his wife did not use "we" to refer to their use and ownership of the vehicles.  Rather, they disagreed about plaintiff's use of the vehicles.  We are unpersuaded.

---

[1] Notwithstanding that conclusion, the court held that N.J.S.A. 39:6A-4.5 did not bar the husband from seeking damages because he did not suffer his damages "while operating [the] uninsured vehicle."  Rather, he was a passenger in another person's vehicle.  Dziuba, 382 N.J. Super. at 81-82.  However, the court did hold that N.J.S.A. 39:6A-7(b)(1) barred the husband from collecting personal injury protection (PIP) benefits.  Ibid.

A-1866-17T2

It is undisputed that, despite any discord, plaintiff remained married to his wife during 2015. No divorce action was commenced. There is no evidence of a division of property. He continuously lived with his wife at her home until early 2015, and then, at some point in the year, returned for another month or so. But, even when he was staying with a male friend and not living at the marital home continuously, he returned to visit his wife. In short, the relationship was not severed. Although plaintiff disputes the frequency with which he used the Kia after he transferred it to his future wife, he was able to use it when he needed it. He exercised sufficient control to establish ownership.

We also reject plaintiff's argument that barring his damages claim would not serve the underlying purposes of N.J.S.A. 39:6A-4.5(a) – to create an incentive to comply with mandatory insurance requirements; and to control costs, by barring recoveries by persons who have not contributed to the insurance pool. See Caviglia v. Royal Tours of Am., 178 N.J. 460, 471 (2004). Plaintiff was an indirect beneficiary of his wife's underwriting fraud. Certainly, by October 2014, when he married and moved in with his wife, he was "in a unique position to be aware of [his wife's] interactions with the insurer of the household's vehicles." Palisades Safety & Ins. Ass'n v. Bastien, 175 N.J. 144, 151-52 (2003) (holding that a "spouse, licensed to drive and living in the same

household as the other spouse" was barred from collecting first-party PIP benefits where the policy was voided based on the other spouse's misrepresentation that there were no other licensed drivers in the household). The law is intended to create an incentive for spouses like plaintiff to intervene. Yet, he obviously made no effort to assure that he was listed on the insurance policy as a member of the household, and a driver of an insured vehicle.

Barring plaintiff's claim also serves the second goal of the law – to prevent access by uninsured persons to the pool of insurance funds. While his wife was certainly paying something into the insurance pool in the form of her NJM premiums, she was paying less than what she would have been, absent the misrepresentations. The damage-claim bar not only shields the insurance pool from complete free-riders – those who have no insurance at all. It also shields the pool from riders who extract an undeserved discount – those who have secured more coverage than they paid for based on underwriting fraud.

In sum, plaintiff was mandated to obtain medical expense benefit coverage as an owner of the Kia. He did not. Therefore, the trial court correctly barred his claim for damages incurred while he was operating an uninsured vehicle.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1866-17T2