**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1474-18T1

STEPHANIE JOSEPHS,

     Plaintiff-Appellant,

v.

CHRISTINA M. HEPP,

     Defendant-Respondent,

and

JUNYUE QU,

     Defendant.

_____

Submitted January 7, 2020 – Decided February 20, 2020

Before Judges Yannotti and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3914-16.

Aivazoglou & Mikropoulos LLC, attorneys for appellant (Matthew Bradford Cole, on the brief).

Law Offices of Styliades and Jackson, attorneys for respondent (Sungkyu S. Lee, on the brief).

PER CURIAM

Plaintiff Stephanie Josephs appeals from an order entered by the Law Division on October 26, 2018, which granted summary judgment in favor of defendant Christina M. Hepp and dismissed all claims and cross-claims against defendant. We affirm.

I.

This action arises from a multi-vehicle automobile accident that occurred on November 5, 2014. Plaintiff was driving a BMW 328, which was owned by an auto dealership in Charlotte, North Carolina, and loaned or leased to an individual who was her boyfriend at the time. While she was driving the car in Cherry Hill, plaintiff was involved in a three-car collision with defendant and Junyue Qu.

According to the crash investigation report, which was written by an officer of the Cherry Hill Police Department, plaintiff did not have insurance information available for the car she was driving. She told the officer she had to contact the dealership to obtain that information.

Plaintiff was transported to a hospital, where she complained of pain in her neck, right wrist, and left thumb. Medical tests were performed, showing no acute pathologies or fractures. Plaintiff was discharged from the hospital the

2

same day after being diagnosed with "strain, cervical, facial contusion, no wakeup, [and] thoracic strain. . . ." She was thereafter treated by her primary care physician, and she had physical therapy.

Plaintiff filed a complaint in the Law Division, dated October 27, 2016, claiming she suffered "severe permanent traumatic injuries" as a result of the negligence of defendant and Qu. She sought damages for her personal injuries, which she claimed are permanent. She also sought lost income and compensation for certain unspecified property damage. The claims and cross-claims against Qu were later dismissed.

In September 2018, defendant filed a motion for summary judgment. Defendant argued that N.J.S.A. 39:6A-4.5(a) precludes plaintiff from bringing an action in this State for economic or noneconomic loss because she failed to maintain automobile insurance, as required by New Jersey law.

Defendant asserted that in 2008, plaintiff moved from New York to New Jersey. She resided in Cherry Hill from approximately August 2008 through 2012, and in Millburn from 2012 to 2014. At the time of the accident, plaintiff had a driver's license issued in New York. Plaintiff's license had a New York address, which was the address for a residence owned by plaintiff's aunt. In addition, plaintiff was the owner of an automobile, which was registered in New

York and insured under a policy issued by GEICO General Insurance Company (GEICO).

The GEICO policy provided bodily injury coverage of $100,000 per person, $300,000 per occurrence, and property damage coverage of $50,000. The policy also provided basic personal injury protection (PIP) coverage of $50,000, with $2000 for wage loss. The GEICO policy indicated that plaintiff's address was in White Plains, New York, which is the address of her uncle's residence.

Defendant further argued that if plaintiff is not barred from bringing an action and the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a) applies, plaintiff failed to present sufficient evidence to overcome the threshold. Defendant noted that plaintiff had not furnished the certification from a physician stating that her injuries meet the statutory threshold, which is required by N.J.S.A. 39:6A-8(a).

Defendant also noted that on October 6, 2017, Dr. Richard A. Rosa, an orthopedic surgeon, performed an independent medical exam of plaintiff. In his report, Dr. Rosa stated that while plaintiff had subjective complaints of pain, there was no objective evidence plaintiff had sustained a permanent injury causally related to the accident.

4

Plaintiff opposed the motion. She argued that her GEICO policy satisfied New Jersey's mandatory coverage requirements and she was not barred from bringing an action in New Jersey for economic and noneconomic damages. She also argued that she was not subject to the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a).

On October 26, 2018, the motion judge heard oral argument and placed his decision on the record. The judge found that N.J.S.A. 39:6A-4.5(a) bars plaintiff from bringing an action in New Jersey for economic or noneconomic loss arising from the November 5, 2014 accident because she failed to maintain PIP coverage with medical expense benefits of at least $250,000, as required by N.J.S.A. 39:6A-3.

The judge noted that N.J.S.A. 39:6A-3.1 allows owners of automobiles to select a basic insurance policy with PIP coverage of only $15,000 per person, per accident. The judge determined, however, that persons who own an automobile principally garaged in New Jersey must maintain a standard auto insurance policy that provides for payment of medical expense benefits in the amount of $250,000.

The judge observed that if plaintiff had informed the GEICO representative that her automobile was garaged in New Jersey, GEICO probably

would not have insured the vehicle, and GEICO would have grounds to declare plaintiff's policy null and void. The judge stated that plaintiff violated New Jersey law by failing to have her car registered and insured in New Jersey. He said plaintiff's reasons for obtaining a New York policy did not "make sense."

The judge further found that plaintiff was subject to the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a), and she had not presented sufficient evidence to show she sustained an injury that meets the threshold. The judge stated that plaintiff "did not point to any objective credible medical evidence" in support of her claim. She also failed to provide the physician's certification required by N.J.S.A. 39:6A-8(a).

The judge entered an order dated October 26, 2018, which granted defendant's motion for summary judgment and dismissed plaintiff's claims and any cross-claims against defendant with prejudice. This appeal followed.

II.

On appeal, plaintiff argues that the trial court erred by granting summary judgment to defendant. When reviewing an order granting a motion for summary judgment, we apply the same standard that governs the trial court. Lee v. Brown, 232 N.J. 114, 126 (2018) (citing Steinberg v. Sahara Sam's Oasis,

LLC, 226 N.J. 344, 349-50 (2016); Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016)).

Rule 4:46-2(c) provides that the court shall grant summary judgment when the evidence before the court, reviewed in a light favorable to the non-moving party, shows "that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Rule 4:46-2(c) further provides that, "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.

"If there exists a single, unavoidable resolution of [an] alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). The court should grant summary judgment if the evidence on an alleged disputed issue of fact "is so one-sided that one party must prevail as a matter of law." Ibid. (quoting Liberty Lobby, 477 U.S. at 250).

A-1474-18T1

Plaintiff argues that the trial court erred by finding that N.J.S.A. 39:6A-4.5(a) precludes her from bringing an action to recover the economic and noneconomic losses she allegedly sustained in the accident. The statute provides:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-4, N.J.S.A. 39:6A-3.1, or N.J.S.A. 39:6A-3.3] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.
>
> [Ibid.]

In Dziuba v. Fletcher, 382 N.J. Super. 73, 76 (App. Div. 2005), aff'd o.b., 188 N.J. 339 (2006), the plaintiff was a passenger in the defendant's insured automobile when that vehicle was involved in an accident. At the time of the accident, the plaintiff owned and regularly drove three uninsured motor vehicles, but these vehicles were not involved in the accident. Ibid.

We held that N.J.S.A. 39:6A-7(b)(1) precluded the plaintiff from receiving PIP benefits or damages for economic loss because the plaintiff was considered to be an owner of certain automobiles that were being operated without required PIP coverage. Id. at 82. We held, however, that the plaintiff was not barred from recovering noneconomic losses under N.J.S.A. 39:6A-

8

4.5(a) because the plaintiff's "uninsured vehicles" were not involved in the accident. Ibid.

Here, it is undisputed that at the time of the accident, plaintiff was the owner of an automobile that was principally garaged in this State. Plaintiff was required by N.J.S.A. 39:6B-1(a) to maintain motor vehicle liability insurance coverage for that automobile, "under provisions approved by the Commissioner of Banking and Insurance." The policy must provide the minimum specified coverages for bodily injury, death, and property damage. Ibid.

Plaintiff also was required by N.J.S.A. 39:6A-4(a) to maintain PIP coverage, regardless of fault, which provides for payment of medical expense benefits in an amount not to exceed $250,000 per person, per accident, unless she selected a policy with the optional minimum PIP coverage for the payment of medical benefits of $15,000 per person, per accident, pursuant to N.J.S.A. 39:6A-3.1, or qualifies for a special auto insurance policy under N.J.S.A. 39:6A-3.3.

In this case, the motion judge erroneously stated that plaintiff was required to maintain PIP coverage providing $250,000 in medical expense benefits; however, N.J.S.A. 39:6A-4(a) states that PIP coverage under a standard policy must provide for the payment of medical expense benefits "not to exceed

$250,000[.]" Moreover, as we have noted, N.J.S.A. 39:6A-3.1 allows owners of automobiles principally registered in New Jersey to select a policy with minimum PIP coverage of $15,000 per person, per accident.

In any event, the motion judge correctly found that plaintiff had not insured her automobile in accordance with New Jersey's compulsory insurance laws. It is undisputed that plaintiff did not maintain automobile insurance with coverage for bodily injury, death, and property damage under provisions approved by the Commissioner of Banking and Insurance (Commissioner). N.J.S.A. 39:6B-1(a). She also failed to maintain a policy with PIP coverage mandated by N.J.S.A. 39:6A-4, N.J.S.A. 39:6A-3.1, or N.J.S.A. 39:6A-3.3.

Because plaintiff did not maintain insurance required under New Jersey law for her automobile, she may not maintain a cause of action for the recovery of economic loss she allegedly sustained in an auto accident. Dziuba, 382 N.J. Super. at 76. This would encompass medical expenses or other loss that would have been collectible or paid as PIP benefits. Id. at 75-76.[1]

However, as the Court held in Dziuba, N.J.S.A. 39:6A-4.5(a) does not preclude a person from pursuing a claim for noneconomic loss unless that person

---

[1] Although in her complaint, plaintiff stated she was seeking damages for certain unspecified property damage, it appears that plaintiff's economic losses were all losses that would be collectible or paid as PIP benefits.

sustained the loss in the operation of an uninsured vehicle for which the person was required to maintain coverage. Id. at 82.

In this case, plaintiff was injured while driving an automobile, but she was not the owner or registered owner of that car. It is not clear on this record whether the car was insured or whether plaintiff was covered by any such insurance. Nevertheless, plaintiff had no legal obligation under New Jersey law to maintain auto insurance for that vehicle. Therefore, as held in Dziuba, N.J.S.A. 39:6A-4.5(a) does not preclude plaintiff from seeking recovery of the noneconomic loss she allegedly sustained as a result of her operation of that vehicle.

III.

Here, the motion judge found that even if N.J.S.A. 39:6A-4.5(a) does not preclude plaintiff from maintaining an action for the recovery of noneconomic loss, dismissal of plaintiff's complaint was warranted because she failed to show she sustained an injury that meets the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a). On appeal, plaintiff argues that the limitation-on-lawsuit threshold does not apply to her. We disagree.

As we stated previously, plaintiff was the owner of a vehicle principally garaged in this State, and she was required to maintain automobile insurance for

11

that car under provisions approved by the Commissioner. N.J.S.A. 39:6B-1(a). Had she done so, plaintiff would have been required to select a policy with either the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a), or a policy without that threshold, as permitted by N.J.S.A. 39:6A-8(b).

Instead, plaintiff obtained a policy from GEICO, which was issued in accordance with New York law. Plaintiff did not obtain a New Jersey policy without the limitation-on-lawsuit option. We are convinced that, under the circumstances, plaintiff is bound by the limitation-on-lawsuit option in N.J.S.A. 39:6A-8(a).

Plaintiff notes, however, that a previous version of N.J.S.A. 39:6A-4.5(a) provided that a person who, at the time of the automobile accident, failed to maintain medical benefits coverage mandated by N.J.S.A. 39:6A-4 would be subject to the verbal threshold in effect at that time in any action for recovery of noneconomic loss. L. 1988, c. 119, § 4. She argues that the current version of N.J.S.A. 39:6A-4.5, which was enacted in 1997, does not mandate application of the limitation-on-lawsuit threshold.

However, as we have explained, N.J.S.A. 39:6A-4.5(a) does not apply in this case because plaintiff was not operating her uninsured vehicle at the time of the accident for which she is seeking noneconomic loss. Nevertheless, plaintiff

12

was required by New Jersey's compulsory insurance laws to maintain insurance coverage for her automobile, under provisions approved by the Commissioner. N.J.S.A. 39:6B-1(a). Plaintiff is bound by the limitation-on-lawsuit threshold because she did not obtain a New Jersey policy without that threshold.

Plaintiff's situation is similar to that of an insured, out-of-state driver, whose vehicle is insured by a carrier authorized to do business in New Jersey. N.J.S.A. 17:28-1.4 imposes the limitation-on-lawsuit threshold to such persons even if they maintained an out-of-state insurance policy that does not include such a threshold.

In rejecting a constitutional challenge to the statute, our Supreme Court stated:

> Because non-resident insureds do not contribute to the costs incurred by New Jersey insurers in defending full tort option claims, the Legislature obviously recognized that allowing non-residents the benefit of the full tort option for damages incurred in New Jersey accidents inevitably would increase the liability exposure of New Jersey insurers and generate pressure for increased premiums.
>
> [Whitaker v. DeVilla, 147 N.J. 341, 357 (1997) (citing Dyzel v. Marks, 6 F.3d 116, 127 (3d Cir. 1993)).]

Like an out-of-state resident who insures a car under a policy issued pursuant to the laws of another state, plaintiff did not contribute to the costs

incurred by New Jersey insurers in defending claims for noneconomic loss arising from accidents in this State. She should not be permitted to pursue a claim for noneconomic loss unconstrained by the limitation-on-lawsuit threshold in N.J.S.A. 39:6A-8(a). Therefore, we conclude plaintiff's claims are subject to the threshold.

We note that on appeal, plaintiff does not argue that she presented sufficient evidence to raise a genuine issue of material fact as to whether she sustained an injury that meets the threshold. Because plaintiff did not brief that issue, she is deemed to have waived any challenge to the trial court's determination that she failed to show her injuries satisfy the threshold. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

Nevertheless, the trial court correctly determined that plaintiff did not present sufficient evidence to show that her injuries satisfy the threshold. N.J.S.A. 39:6A-8(a) provides that a person may not maintain an action for noneconomic loss

> unless the person has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. An injury is considered

14

permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally, with further medical treatment. . . .

The statute further provides that in order to satisfy the threshold, the plaintiff must submit, within sixty days after the answer is filed, a certification from "the licensed treating physician or a board-certified licensed physician to whom the plaintiff has been referred by the treating physician." Ibid. The certification must state, "under penalty of perjury," that the plaintiff's injuries meet the statutory threshold. Ibid. Here, plaintiff is apparently seeking damages for a permanent injury.

The record shows that Dr. Rosa examined plaintiff on October 6, 2017. In his report, Dr. Rosa stated that plaintiff presented with complaints of low back pain. She had a burning sensation of her right lower extremity, but this had resolved. She also presented with complaints of neck pain, but the pain was "much improved since the accident." Dr. Rosa noted that plaintiff had denied any neurological complaints and she was not taking any medication on a regular basis. Plaintiff reported the pain limited her ability to bend, lift heavy objects, work out, and train.

Dr. Rosa stated, however, that his examination of plaintiff's back and neck was unremarkable. He found no tenderness or spasm. He opined that although

plaintiff had residual soft tissue complaints regarding her neck and back, there were no "objective clinical findings for herniated cervical or lumbar disc or other mechanical derangement that could be considered causally related to the subject accident."

Dr. Rosa further opined that "[n]o further treatment or diagnostic studies are indicated or medically necessary . . . ." He stated that, "Despite her pain complaints, from an orthopedic standpoint there are no objective clinical findings for adverse permanent functional impairment or residuals that could be considered causally related to the subject accident. Prognosis should be considered favorable." He said plaintiff "is capable of returning to work without restrictions."

Here, plaintiff did not provide the physician's certification required by the statute. Furthermore, plaintiff did not present the report of a qualified medical expert opining, based on objective clinical evidence, that plaintiff sustained in the accident an injury to her neck, shoulders, or back "that has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.

The motion judge correctly determined that plaintiff did not present sufficient evidence to show her injuries meet the limitation-on-lawsuit

threshold. The judge correctly found that any claim by plaintiff for noneconomic loss arising from the subject accident failed as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1474-18T1